## WOOD et al. v. BIRD.
### No. 2447.

Court of Civil Appeals of Texas. El Paso.
Oct. 16, 1930.

Rehearing Denied Nov. 6, 1930.

See, also, 20 S.W.(2d) 221.

S. P. Weisiger, of El Paso, and A. M. Turney, John Perkins, and Van Sickle & Fisher, all of Alpine, for appellants.

Mead & Metcalfe, of Marfa, for appellee.

PELPHREY, C. J.

On October 14, 1929, King Terry filed his petition with the commissioners' court of

Brewster county, Tex., to have a third-class or neighborhood road established between his ranch and a point on the Alpine-Terlingua highway near the east line of section 11, block 13, Galveston, Harrisburg & San Antonio Railway Company land, said point being about four miles in an easterly direction from petitioner's ranch.

At the next regular term of the commissioners' court the road was established as prayed for and a jury of freeholders appointed to assess the damages incident to the opening thereof. The road as declared and established, passed through the inclosure of Mrs. J. C. Bird, containing more than 1,280 acres of land.

Upon the hearing Mrs. Bird protested against the opening of said road, and filed her claim for damages before the jury of freeholders in the sum of $6,690.

The commissioners' court in its action upon the report of the jury of freeholders allowed her $10.65, from which action she appealed.

On December 30, 1929, she filed this suit seeking to restrain the county judge and commissioners of Brewster county from putting into effect the order establishing said road.

A temporary writ of injuncton was issued, and upon hearing the same was made permanent. From the last-named judgment this appeal was taken.

Upon the final hearing a jury was impaneled, but, at the conclusion of the testimony, the court instructed the jury to return a verdict for Mrs. Bird. The appellant, upon the rendering of the judgment, gave notice of appeal and filed an appeal bond, but, there arising some question as to the sufficiency thereof, they filed their petition and bond in writ of error, and it is now agreed by the parties that the two causes shall be consolidated and disposed of under the writ of error proceeding.

### Opinion.

As practically all of the assignments of error are leveled at the findings of fact and conclusions of law of the trial court, we feel that a proper understanding of the questions here presented calls for the embodying herein of such findings and conclusions. They read:

"(1) The court finds that the highway sought to be established in the proceedings in the Commissioners' Court of Brewster County, Texas, which are involved in this suit, were based on Article 6711 of the Revised Statutes of 1925, and the petition for said road was signed by one person only, to-wit: King Terry, under the claim that he lived within an inclosure; that the petition for said road on its face shows that it does not call for a road upon any route or location provided for under said statute, and does not call for any route substantially on any location provided for in said statute.

"(2) The court finds that the road as actually laid out by the jury of view and adopted by the Commissioners' Court, followed the road called for in the petition and did not follow the route of any location authorized under said statute, that is, it did not follow or substantially follow or attempt to follow either property lines, section lines or any direct line through an inclosure of 1280 acres, but followed a very crooked, zigzag course where it crossed sections 11 and 12 belonging to the plaintiff.

"(3) The court finds that King Terry, the petitioner for said road does not, and did not at the time of the filing of said petition, live within an inclosure within the meaning of said article 6711 of the Revised Statutes.

"(4) The court finds that there were persons who owned an interest in the lands through which the proposed road would run as called for in said petition for the road who were not served with notice of the filing of the petition for the road and were not notified by the jury of view to appear and file claim for damages, if any, said parties being the owners of oil, gas and mineral rights in said land by virtue of oil and gas leases given by the owners thereof, and assignments made thereunder.

"(5) The court finds that the road in question through the premises of the plaintiff claimed by her as a private road-way was never dedicated by her to the public as a highway, and that there was never such adverse use of said road by the public as to establish it as a public highway by prescription; that said roadway was a private roadway opened and used by the plaintiff, and for many years used by such of the public as desired to pass through her premises, but such use by the public was with her permission; that during all of the time her lands were inclosed by substantial fences and contained cross fences and that substantial gates were kept by her at each of the places where the road intersected her fences, which gates were always kept closed both by the plaintiff and the traveling public, and that such use was not adverse to the plaintiff.

"(6) The court concludes as a matter of law that the provisions of article 6711 of the Revised Statutes as to opening a neighborhood road, are mandatory and must be substantially complied with and that neither the Commissioners' Court nor any other court has any discretion or any right to lay out a road on any other location or under any other conditions under said statute, except in substantial compliance with its provisions.

"(7) The court concludes as a matter of law that the petition for the road not being in compliance with the law as to the qualification of the signor of said petition and as to the location of the road called for in the petition, and because the road as located

was not on any location provided for by the statute under which the proceedings were brought, and because all of the persons who were interested in the lands crossed by said proposed road were not properly cited in said proceedings, the entire proceedings, of the Commissioners' Court looking to the opening of said road and its final order based on said proceedings authorizing the opening of the road, were void and that the plaintiff is entitled to an injunction perpetually restraining the defendants from putting into effect said orders opening said road as aforesaid.

"(8) The court further concludes as a matter of law that there was no dedication or prescriptive right shown which would authorize the Commissioners' Court of Brewster County to require the plaintiff to open said road through her premises independently of a proper proceeding to condemn the road as provided for by law."

Plaintiffs in error contend that the court erred in predicating his action in instructing a verdict for the plaintiff on the facts set out in his findings of fact numbered 1, 2, 3, and 4; in concluding as a matter of law that the petition for the road was not in compliance with the statute as to the qualification of King Terry; that his action in peremptorily instructing the jury was not supported by the pleadings and the evidence; that the court erred in perpetually enjoining the county judge and commissioners' court of Brewster county, and their successors in office, "from forcing openings through plaintiff's fences on her said two sections of land or from making any orders or enforcing any orders looking to the opening or establishment of a public highway or a neighborhood road through the plaintiff's said premises as aforesaid," as set out in the latter part of paragraph 11 of the judgment; and in refusing to admit certain testimony of the witness H. T. Fletcher.

The first proposition advanced in the brief of plaintiffs in error is that Mrs. Bird, having been duly notified of each step in the proceedings, cannot complain because the owners of oil and gas leases on land in which she had no interest were not served with like notices. The question presented in this proposition, being one which is capable of being corrected by subsequent proceedings before the commissioners' court, will be discussed later, if we deem such discussion necessary.

Assignments Nos. 2 and 3 attack the first and second findings of fact made by the court, and, in their proposition thereunder, plaintiffs in error assert that under the provisions of article 6711 of the Revised Statutes of 1925, which declares that ten freeholders or one or more persons living within an inclosure, who may desire a nearer, better, or more practicable route to their church, county seat, etc., may make a sworn application to the commissioners' court for an order establishing said road, it is not necessary that the route asked for or laid out should run in a straight or air line, but that the term "direct line" as used in the statute means the most direct, practicable, or feasible route over which the road could be laid out or built.

It seems to be undisputed in this case that the route asked for and laid out follows a very crooked and zigzag course where it crosses Mrs. Bird's lands, but that said route followed a line theretofore traveled by King Terry, and that it is practically impossible to go in a straight line across the lands of Mrs. Bird because of mountains and canyons.

This being true, we are then confronted with the question of whether or not a proper construction of the expression "or any direct line through an enclosure containing twelve hundred and eighty acres of land or more" would include a crooked and zigzag route across the land where the topography of the country over which the road was to pass rendered it impossible to follow a direct line.

The statute upon which plaintiffs in error depend for the right to establish the road reads:

"Any lines between different persons or owners of land, any section line, or any direct line through an inclosure containing twelve hundred and eighty acres of land or more may be declared public highways upon the following conditions:

"1. Ten freeholders, or one or more persons living within an inclosure, who desire a nearer, better or more practicable road to their church, county seat, mill, timber or water, may make sworn application to the commissioners court for an order establishing such road, designating the line sought to be opened and the names and residences of the persons or owners to be affected by such proposed road, and stating the facts which show a necessity for such road." Rev. St. 1925, art. 6711.

██ The establishment of the road as petitioned for involves the exercise of the right of eminent domain, and in construing this statute we must be governed by the well-established rules laid down by the authorities for the construction of such statutes.

The substance of those rules seems to be that such a right may not be exercised except where the plain letter of the law permits it, and that acts conferring the right are to be strictly construed in favor of the landowner. Cooley Const. Line, p. 651; 20 C. J. pp. 533–534; O'Neal et ux. v. City of Sherman, 77 Tex. 182, 14 S. W. 31, 19 Am. St. Rep. 743; McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027; Crawford v. Frio County (Tex. Civ. App.) 153 S. W. 388; Van Valkenburgh v. Ford (Tex. Civ. App.) 207 S. W. 405.

As said in 10 R. C. L. § 168: "A grant of the power of eminent domain, which is one of the attributes of sovereignty most fraught with the possibility of abuse and injustice, will never pass by implication, and when the power is granted, the extent to which it may be exercised is limited to the express terms or clear implication of the statute in which the grant is contained."

■ Mr. Webster has defined the word "direct" to mean straight; right; as to pass in a direct line from one body or place to another, and as being opposed to crooked, winding, oblique.

With this definition in mind and applying the rules of construction laid down for the construction of statutes in such cases, how can it be said that the line which was followed by the road established in this case was a direct line across the lands of Mrs. Bird?

We have given full weight to the argument of plaintiffs in error that statutes should not be so strictly construed as to defeat the evident purpose of the act, but that doctrine we do not think can be applied to the facts before us.

It appears to us that the Legislature, by providing for the location of neighborhood roads on lines between different persons or owners of land, on section lines and on direct lines through the inclosures of others, intended to permit the establishment of such roads only on locations where the least damage would result to the estates over which it passed, and that by such provisions they never intended that such roads might be laid out as was the one in question. We are borne out in this conclusion by the fact that the Legislature at the Fifth Called Session of the Forty-First Legislature 1930 (chapter 62, § 1 [Vernon's Ann. Civ. St. art. 6711]) passed the following amendment: "Any lines between different persons or owners of lands, any section line, or any practicable route, that the Commissioners' Court may agree upon, in order to avoid hills, mountains or streams through any and all inclosures, may be declared public highways upon the following conditions." This act was passed subsequent to the making of the order establishing the road in question and contained an emergency clause reciting that the fact that, under the laws then existing, no adequate provision was made for neighborhood roads, created an emergency.

We are fully aware that there might arise cases where a strict construction of this statute would result in hardships to some person or persons, but we are not the makers of the law, and, when a law is passed by the law-making body, we must in construing its provisions follow the well-established rules laid down for that purpose, and, if injury result, the evil can be corrected by the proper authority.

■■ We are constrained to hold that the road here ordered by the commissioners' court was not on any location or route authorized by the statute, and that the trial court did not err in enjoining the putting into effect of such order. Plaintiffs in error also attack the finding of the court to the effect that King Terry did not live within an inclosure within the meaning of article 6711, while defendant in error contends that such finding was correct by reason of the fact that King Terry had an outlet to his county seat, church, etc., over a road which he had never been denied permission to use.

From the record it appears that Terry's land is surrounded by the fenced property of others, and there is testimony to the effect that his land is entirely surrounded by mountains, and we find in the record no evidence to contradict these facts; therefore the trial court must have based the finding that Terry did not live within an inclosure, as contemplated by the statute, on the reasons set forth in defendant in error's brief.

We take a different view of the provision.

It is true that the record shows that Terry had been permitted to travel a road across the lands of others, but that said road was not only longer but was rougher and at times was impassable by reason of rainfall in a canyon or creek over which the road passed several times.

The statute itself provides that ten freeholders, or a person or persons within an inclosure, who desire a nearer, better, or more practicable road to their church, etc., may petition for the opening of a neighborhood road.

By this provision it seems clear to us the Legislature did not intend that the provisions of the statute should be available only to such persons as had no other outlet, but by the use of the words "nearer," "better," and "more practicable" had in mind the granting of the right to those who already had a road, if a necessity existed therefore.

■ The judgment of the trial court contains the following: "It is further ordered, adjudged and decreed by the court that the defendants, C. D. Wood, County Judge of Brewster County, Texas, and the defendants T. M. Shely, W. D. Burcham, J. C. Anderson and Clarence Hord, constituting the Commissioners' Court of Brewster County, Texas, and the Commissioners' Court of said County and their successors in office be, and they are hereby perpetually enjoined and restrained from putting into effect or from attempting to put into effect the orders of the Commissioners' Court of Brewster County made and entered by said Court as aforesaid looking to the establishment of a highway as petitioned for by said King Terry, and which was attempted to be established leading from the King Terry ranch house on Section 3, Block

13, G. H. & S. A. Ry. Co. Survey and across a part of section 4, and section 13, in said block, and across sections 12 and 11 in said block, the latter two sections belonging to the plaintiff, and said parties are perpetually restrained from opening or attempting to open a road or highway through said sections 11 and 12 belonging to the plaintiff or from forcing openings through the plaintiff's fences on her said two sections of land *or from making any orders or enforcing any orders looking to the opening or establishment of a public highway or a neighborhood road through the plaintiff's said premises as aforesaid.*"

The italicized part is objected to by plaintiffs in error as not being supported by the pleadings and therefore void and against public policy.

While we do not think the trial court intended to enjoin any action other than the carrying into effect of the order theretofore made by the commissioners' court, yet, the part of the judgment referred to could easily be construed to preclude them from ever taking any action relative to the establishment of a neighborhood road across the land of defendant in error.

We have, therefore, concluded to amend the judgment by adding thereto the following:

This judgment shall not have the effect of precluding the plaintiffs in error from making orders and carrying same into effect in pursuance of any petition which may be presented to them for the establishment of a neighborhood road across the lands of defendant in error under and by virtue of the provisions of the amendment to article 6711, as enacted by the Fifth Called Session of the Forty-First Legislature.

We have examined the other assignments, and, in view of our holding as above, see no necessity for a discussion of the questions presented by them.

The judgment of the trial court, as amended, is in all things affirmed.