**DUNSMORE et al. v. MENEFEE et al.**
**No. 9576.**

Court of Civil Appeals of Texas.
San Antonio.
July 25, 1934.

Russell & Beaucaire, of San Antonio, for appellants.

Hicks, Dickson, Bobbitt & Lange, of San Antonio, for appellees.

MURRAY, Justice.

Appellants, J. D. Dunsmore, W. E. Ferry, C. C. McRae, and Lillian Gordon, joined pro forma by her husband, Roy C. Gordon, instituted this suit against appellees, San Antonio Independent School District, its board of education, and certain individual members thereof; seeking a mandamus requiring such board to order an election some time in the near future for the purpose of electing four trustees and asking for an injunction pro-

hibiting the present board of education from making contracts with teachers and doing any other acts as a board of education, until after the holding of the election sought to be ordered by this suit.

The petition alleged, among other things, that four members of the board claim to have been elected in 1933 under the provisions of S. B. No. 374, Acts 1933, 43d Leg., chapter 36, p. 67 (article 2777b, Vernon's Ann. Civ. St.); that such act is unconstitutional and void; and that in truth and in fact four vacancies exist on said board of education.

Appellants further allege that they are resident, taxpaying citizens and qualified voters of the San Antonio Independent School District and qualified in every way to hold the office of school trustee; that in the event an election is ordered they desire to and will become candidates at such election for the office of school trustee of this district.

Upon a trial before the court without the intervention of a jury, the trial judge denied the injunction and mandamus. An appeal has been perfected to this court.

In our consideration of this cause we are met at the threshhold with appellees' counter proposition to the effect that appellants, as citizens and taxpayers, and alleging merely that they propose to be candidates for the office of trustee of San Antonio Independent School District, have no sufficient interest in the subject-matter to compel by mandamus the calling of an election of this nature, but that such a suit may only be brought and maintained in the name of the state of Texas by the Attorney General, or other proper officer. We sustain this proposition, which has been so often upheld by our courts that we regard it as no longer an open question. Yett v. Cook, 115 Tex. 205, 281 S. W. 837, 841; City of San Antonio v. Strumberg, 70 Tex. 366, 7 S. W. 754; Staples v. State, 112 Tex. 61, 245 S. W. 639; Dickson v. Strickland, 114 Tex. 176, 265 S. W. 1012.

In the Yett-Cook Case, Chief Justice Cureton, in discussing the right of resident, taxpaying citizens and qualified voters to bring and maintain a suit for a mandamus to compel the mayor and city aldermen of the city of Austin to order an election for the office of aldermen, said: "It is a rule of universal acceptation that to entitle any person to maintain an action in court it must be shown that he has a justiciable interest in the subject-matter in litigation, either in his own right or in a representative capacity.

* * * Whatever may be the rule in other jurisdictions, there can be no doubt that in Texas an action relating to elections or other matters of law enforcement, not involving questions of taxation or unlawful expenditure of public funds, cannot be maintained by a relator or plaintiff whose interest is only that of the public generally, in the absence of a valid statute authorizing the suit."

It is contended by appellants that the fact that they desire to become candidates at the election to be ordered takes this case out of the rules laid down in Yett v. Cook, supra, and brings it under the rules stated in Love v. Wilcox, 119 Tex. 256, 28 S.W.(2d) 515. We do not agree with this contention. In the Love-Wilcox Case, Love was merely seeking to have his name printed upon an official ballot to be used in an election already ordered and to be regularly held on a date certain. It did not in any way involve the ordering of an election by way of mandamus. Love undoubtedly, under the circumstances, had the legal right and sufficient interest in the subject-matter to maintain a suit to have his name printed upon an official ballot; but such a right is a very different right from requiring the holding of the election in the first instance. The fact that appellants desired to and had the legal right to become candidates at the election they sought to have ordered did not distinguish them from other citizens who had the same rights as appellants. In the Yett-Cook Case, the plaintiff desired to vote in the proposed election; in this case, plaintiffs desire not only to vote but to become candidates. Such privileges are common to all qualified voters and not the special right of any particular person or persons. If every person eligible to become a candidate for school trustee and who might desire to do so could maintain a suit for mandamus to compel the ordering of an election, the rule prohibiting a multiplicity of suits would be set aside and a school board might find itself confronted by hundreds of such suits. The rule is that such a suit must be brought in the name of the state, whose duty it is to protect the general interest and guard the public welfare of the people. It is the duty of the Attorney General, or other proper officer, to first determine when the general welfare requires the bringing of such a suit.

Appellants being without authority to bring this suit, the trial judge properly refused the relief prayed for, and the judgment will be affirmed.