## CITY COUNCIL OF WICHITA FALLS et al. v. COKER.

### No. 13420.

Court of Civil Appeals of Texas, Fort Worth.

March 20, 1936.

Rehearing Denied April 17, 1936.

T. R. Boone and Kearby Peery, both of Wichita Falls, for appellants.

W. T. Locke and Philip S. Kouri, both of Wichita Falls, for appellee.

BROWN, Justice.

George C. Nelson, a resident citizen of, and an elector in, the city of Wichita Falls, Tex., on or about September 27, 1935, acting under the provisions of the charter of said city of Wichita Falls, which is known as a home rule city, filed an affidavit with the clerk of the board of aldermen of Wichita Falls, seeking the removal of Alderman J. B. Stokes, and, on the strength of such affidavit, the city clerk delivered to Nelson a removal petition, and on October 25, 1935, three of the petitioners, namely, W. S. Langford, Everett Hughes, and M. H. Coker, filed the removal petition with the said city clerk. The clerk, acting under the provisions of the city charter, certified to the sufficiency of the recall petition, filed and presented same to the board of aldermen, and the board refused to call the election.

M. H. Coker alone brought this suit in the district court of Wichita county, seeking a mandamus to compel the board of aldermen to call the said election.

It is agreed that Coker brought his suit individually; that the county attorney of Wichita county has not joined him in such suit; and that the Attorney General of the state of Texas has not joined him in the suit, and that neither the Attorney General nor the said county attorney has authorized him to bring the suit; that Coker brought the suit in his individual capacity, on the ground that he is one of the signers of the recall petition and was one of the committee that returned the recall petition to the city board.

Coker sued John T. Young, mayor, J. B. Stokes, Mack Taylor, L. C. Rodgers, Claude Miller, M. D. Walker, and Vic Stampfli, aldermen.

The respondents presented to the trial court a plea in abatement, urging that Coker's petition does not show a justiciable interest in the subject-matter of the suit; that the state of Texas is the proper plaintiff to bring such a suit through the Attorney General of the state, or through some person authorized by the Attorney General to bring the suit in the name of the state. Such contentions were also presented by demurrers and exceptions.

A hearing being had on the merits, the trial court overruled the plea in abatement and granted the prayer for a writ of mandamus, which writ required the respondents to call the election. The respondents have appealed.

The position of appellants here, respondents below, is well taken. Appellee Coker does not show by his petition, and the statement of facts does not show, any justiciable interest in Coker, vesting in him the right to bring this suit. This right is vested in the state of Texas. We do not feel the necessity for citing more than one Supreme Court decision governing the issues before us. Yett v. Cook, 115 Tex. 205, 281 S.W. 837, and cases reviewed and cited therein. We cite the case of John T. Young v. Mack Taylor et al., 92 S.W.(2d) 1075, recently decided by this court.

For the reasons stated, the judgment of the trial court is reversed, and judgment is here rendered for appellants; the cause is remanded to the trial court, with instructions to dismiss the same.