**MICKLE et al. v. GARRETT, County Judge.**

**No. 1698.**

Court of Civil Appeals of Texas. Eastland.
Oct. 8, 1937.

Rehearing Denied Dec. 3, 1937.

L. H. Welch, of Breckenridge, for appellants.

Butts & Wright, of Cisco, for appellee.

FUNDERBURK, Justice.

Joe Mickle, Omer O. Mickle, J. Mayes, and P. L. Parker, purportedly for "themselves and more than two hundred fifty qualified voters of Eastland County, Texas," brought this suit against Clyde Garrett, as county judge of said county, seeking to have adjudged null and void an election held in Eastland county on the 18th day of April, 1936, on the question of legalizing, in said county, the sale of vinous and malt liquors that do not contain alcohol in excess of 14 per cent. by volume, and to enjoin first temporarily, and then permanently, said county judge from hearing or granting applications for licenses or permits.

The petition was presented to Judge George L. Davenport on April 27, 1936, who granted a "temporary restraining order" (so denominated), but provided that the writ should "require the defendant to appear in this courtroom in this court on the 30th day of April, 1936, to show cause why the *temporary injunction* should not be perpetuated and why he should not be permanently restrained from hearing ap-

plications and issuing licenses for the sale of such spirituous, vinous and malt liquors in Eastland County that do not contain alcohol in excess of 14 per cent by volume," etc. (Italics ours.)

On April 30, 1936, in pursuance of the notice given, there was a hearing or trial by the court, resulting in a judgment purporting to overrule general and special exceptions to the plaintiffs' petition; to vacate the previously issued "restraining order"; to deny the relief sought of having the election of April 18, 1936, declared illegal and void; and to deny a permanent injunction.

From this judgment the plaintiffs appealed.

Soon after the record was filed in this court, there was a motion made to advance submission on the theory that the appeal was from an order refusing or dissolving a temporary injunction. The motion to advance was denied upon the ground, as shown by memorandum per curiam opinion, as follows: "It appears from the motion and the record that the same is an appeal from a judgment refusing a permanent injunction after trial on the merits and is therefore not subject to advancement." That the court at the time was not entirely certain that the appeal was from a final judgment is indicated in the next sentence as follows: "If, however, the appeal is properly to be construed as one from the refusal of the district judge to grant a temporary injunction or dissolving one, the allegations of the motion to advance clearly show that the subject matter of the appeal or question involved, insofar as the temporary injunction feature is concerned, has become moot." The conclusion was that "In either event there is no statutory authority authorizing this court to advance the case over other causes filed prior thereto."

We could, we think, well avoid any further reference to the character of judgment from which the appeal is prosecuted, but the particular judgment, and proceedings leading up to same, so well illustrate frequently occurring defects in judgments rendered in actions wherein "temporary restraining orders" have been previously issued that we deem it appropriate to comment upon the subject briefly. A failure to distinguish between restraining orders and temporary injunctions, or else a failure to accurately designate the one or the other as the case may be, often pre-

sents a difficult question of whether a particular judgment is an interlocutory one denying a temporary injunction, or is a final one disposing of the entire subject matter of a suit.

■ There are three different kinds of injunctions, variously named. Riggins v. Thompson, 96 Tex. 154, 71 S.W. 14; Ex Parte Zuccaro, 106 Tex. 197, 163 S.W. 579, Ann.Cas.1917B, 121; Ex Parte Rains, 113 Tex. 428, 257 S.W. 217. They are: (1) Temporary restraining orders; (2) temporary injunctions; and (3) permanent injunctions. The true character of each is determinable not by what it is denominated, but by its distinguishing characteristics and functions. A temporary restraining order operates only pending a hearing on an application for a temporary injunction. Same authorities. It automatically ends on the date set for such hearing. It is not appealable. A temporary injunction (also called interlocutory injunction, preliminary injunction, and even permanent injunction, as contradistinguished from perpetual injunction, see Riggins v. Thompson, supra) operates, unless dissolved by a further order, until final judgment. A permanent injunction (also called a perpetual injunction) is a restraining provision of a final judgment. When granted, it is as a part of the final judgment, which was sought by the suit. It is appealable or not according as the final judgment may be appealable.

Considering the record presented in the light of these principles, it appears from the caption of the transcript that the term of court began April 6, 1936, and closed May 30, 1936. Plaintiffs' petition was filed April 27, 1936, in midterm. It, among other things, prayed "for a temporary writ of injunction." In the judge's fiat it was stated that applicants were entitled "to a *temporary restraining order.*" (Italics ours.) The clerk was ordered to issue a "*temporary restraining order* operative until and pending the hereinbelow order restraining the Hon. Clyde L. Garrett, County Judge of Eastland County, Texas, from hearing the applications which have been filed in the County Court of Eastland County, and now pending before him for license for the selling of vinous and malt liquors in Eastland County that do not contain alcohol in excess of 14 per cent. by volume and from hearing such applications, and from issuing such permits or license upon complainants executing in behalf of the defendant a bond with two or more good and sufficient sureties in the sum of $1,000 conditioned as the law requires." It was further provided in said fiat that the writ should require the defendant to "appear in this courtroom in this court on the 30th day of April 1936 to show cause why the *temporary injunction* should not be perpetuated and why he should not be permanently restrained," etc. (Italics ours.)

■ On April 30, 1936, the court rendered a judgment, final in form. In part it recited the issuance on April 27th of "a temporary restraining order" and decreed that such "temporary restraining order be vacated and held for naught." It is apparent that, if only a temporary restraining order, properly so-called, was issued, no order was required to vacate same. In that case, no temporary injunction was issued, and the judgment should no doubt be construed as merely denying the application for a temporary injunction. If so construed, however, then the judgment should not have attempted, as it did, to adjudicate the validity of the election. The fact that the judgment purports to be a final judgment is not conclusive, as was held in James v. E. Weinstein & Sons (Tex. Com.App.) 12 S.W.2d 959. The record contains no citation, and therefore no officer's return showing the service of citation. The record shows no express waiver of citation. The only appearance shown was by the answer of the respondent which was necessarily filed in response to the application for a temporary injunction and the notice to appear on April 30th. If the writ issued was in fact a temporary injunction, mistakenly called a temporary restraining order, then nevertheless the court had no authority to require the defendant to appear upon the date stated in midterm three days after the suit was filed for a trial of the suit on its merits. James v. E. Weinstein & Sons, supra. Under the authority of this decision we are now strongly inclined to the view that, if the judgment was not one refusing an application for a temporary injunction, it was one dissolving a temporary injunction, and, in either event, the case was subject to advancement, except for the further showing that upon the particular feature involved it had become moot.

Appellee, although not urging that the judgment from which the appeal is prosecuted is not a final judgment, insists that the case is now moot and should be dis-

missed. If the judgment be regarded as one refusing or dissolving a temporary injunction, the proposition that the case is moot is correct. If, on the other hand, the judgment is to be regarded as a final judgment, we are of the opinion that the questions attempted to be presented by the appeal are not moot.

We have, however, concluded not to dispose of the case upon a decision of this point for the reason next to be noted.

 There is one insuperable barrier to our passing upon the merits of the appeal. The record affirmatively discloses that the appellants have no cause of action. According to the allegations of their petition, appellants have no justiciable interest in the status of Eastland county as wet or dry, as that question may be affected by the validity or invalidity of said election. This is not a statutory election contest, of the character provided in R.S.1925, arts. 3069 and 3070. It is a civil suit, or case, addressed to the judicial powers of the court seeking to have the political status of the territory comprising Eastland county adjudicated.

Assuming the regularity and legality of the election in all such respects as may have been subject to challenge in a duly instituted and prosecuted contest of the election, an individual who shows no more injury or damage from the existence of the political status apparently created by the declaration of the result of the election than such as results to him in common with all other persons and citizens has no right to maintain a suit challenging such political status on the ground of the invalidity of the election, unless specially authorized so to do by a valid statute. Yett v. Cook, 115 Tex. 205, 281 S.W. 837, 841 and the authorities there cited; Hurley v. Buchanan (Tex.Civ.App.) 233 S.W. 590; Oden v. Barber (Tex.Civ.App.) 126 S.W. 676; Lawson v. Baker (Tex.Civ.App.) 220 S.W. 260; Holt & Co. v. Wheeler County (Tex.Civ.App.) 235 S.W. 226; Marion County v. Perkins Bros. (Tex.Civ.App.) 171 S.W. 789; Rushing v. Lynch (Tex.Civ.App.) 22 S.W.2d 482. As said by the Supreme Court in the first cited case: "Whatever may be the rule in other jurisdictions, there can be no doubt that in Texas an action relating to elections or other matters of law enforcement, not involving questions of taxation or unlawful expenditure of public funds, cannot be maintained by a relator or plaintiff whose interest is only that of the public generally, in the absence of a valid statute authorizing the suit."

Whether Eastland county by the election of April 18, 1936, with respect to vinous and malt liquors containing alcohol not in excess of 14 per cent. by volume, became wet or remained dry, is a political question involving political rights and remedies. Only by showing a special injury or damage, violative of the private rights of the plaintiff, can the validity of the election become justiciable by him. There is no statute so far as we know authorizing this suit by the appellants, and by their pleadings they show no right to sue. For that reason it is our conclusion that the case should be dismissed at appellants' cost, and it is accordingly so ordered.