**MITCHELL v. McCHAREN, County Judge, et al.**

No. 10424.

Court of Civil Appeals of Texas.
San Antonio.

June 22, 1938.

Rehearing Granted Aug. 17, 1938.

Rehearing Denied Sept. 14, 1938.

S. L. Gill and Kennedy Smith, both of Raymondville, for appellant.

R. F. Robinson and Crane & Glarner, all of Raymondville, for appellees.

MURRAY, Justice.

Appellant, Charlie Mitchell, instituted this application for writ of mandamus in the District Court of Willacy County, seeking to require the Commissioners' Court of that County to order an election upon the following issue, to-wit: "For (against) legalizing the sale of beer that does not contain alcohol in excess of four per cent (4%) by weight."

Appellant described himself as a resident of Willacy County, Texas, and a qualified voter therein.

The first question presented is whether or not appellant, Charlie Mitchell, has legal capacity to maintain this suit for mandamus. We conclude that he does not have that capacity. He is not shown to have such justiciable interest in the subject matter of this lawsuit to authorize him to maintain the same. His interest in having this election called is no different from any other resident qualified voter in the county. In Yett v. Cook, 115 Tex. 205, 281 S.W. 837, the Supreme Court said [page 841]:

"It is a rule of universal acceptation that to entitle any person to maintain an action in court it must be shown that he has a justiciable interest in the subject-matter in

litigation, either in his own right or in a representative capacity. * * * Whatever may be the rule in other jurisdictions, there can be no doubt that in Texas an action relating to elections or other matters of law enforcement, not involving questions of taxation or unlawful expenditure of public funds, cannot be maintained by a relator or plaintiff whose interest is only that of the public generally, in the absence of a valid statute authorizing the suit."

See, also, Dunsmore v. Menefee, Tex. Civ.App., 74 S.W.2d 174; 18 R.C.L. p. 327; Dickson v. Strickland, 114 Tex. 176, 265 S. W. 1012; Staples v. State, 112 Tex. 61, 245 S.W. 639; Mickle v. Garrett, Tex.Civ.App., 110 S.W.2d 1235; City Council of Wichita Falls v. Coker, Tex.Civ.App., 93 S.W.2d 459; McCarty v. Jarvis, Tex.Civ.App., 96 S.W.2d 564.

We know of no statute which would authorize appellant, Charlie Mitchell, in his capacity as a resident and qualified voter of Willacy County, to maintain this suit for mandamus, and certainly under the general law he does not have that capacity. Such a suit can be maintained only by the State of Texas, acting through its proper officer.

Accordingly the trial judge did not err in refusing to grant the mandamus, and the judgment will be affirmed.

### On Motion for Rehearing

■ Our attention is called to the fact that the appellant, Charlie Mitchell, is a signer of the petition requesting the election. This fact is sufficient to give him an interest different from the general public in reference to the holding of the election and makes him such a person as may maintain this cause of action. 28 Tex.Jur. p. 627; Sansom v. Mercer, 68 Tex. 488, 5 S.W. 62, 2 Am.St.Rep. 505; Kimberly v. Morris, 87 Tex. 637, 31 S.W. 808; Boynton v. Brown, Tex.Civ.App., 164 S.W. 893; Miller v. State, Tex.Civ.App., 53 S.W.2d 838.

This brings us to a consideration of the case on its merits. There is but one main question in this case, which is whether or not the Commissioners' Court properly refused to order a local option election in Willacy County on the issue:

"For (against) legalizing the sale of beer that does not contain alcohol in excess of four (4%) per centum by weight", though duly petitioned to do so, in view of the fact that there had been held in Willacy County within the year a local option election on the issue:

"For (against) prohibiting the sale of all alcoholic beverages."

The provision of the statute to be construed is Sec. 32 of the so-called "Liquor Control Act." Acts 1935, 44th Leg., 2nd. C. S. p. 1795, Ch. 467, Art. 1, Sec. 32; Art. 666—32, Vernon's Ann.P.C., which reads as follows: "The Commissioners Court of each county in the State upon its own motion may order an election to be held by the qualified voters in said county, to determine whether or not the sale of liquors shall be prohibited or legalized in such county, and such Court shall order a local option election whenever petitioned to do so by as many as ten (10) per cent of the qualified voters of said county, or of any justice precinct, city or town, taking the votes for Governor at the last preceding general election as the basis for determining the qualified voters in any such county, or political subdivision. After the first local option election held as provided in this Act, in any county, justice precinct, incorporated town, or city, no subsequent election upon the same issue in the same political subdivision shall be held within one (1) year from the date of the preceding local option election in said county, or said political subdivision of said county. Acts 1935, 44th Leg., 2nd C. S., p. 1795, ch. 467, Art. 1, § 32."

It is clear that the act provides for only one local option election on the same issue in the same political subdivision per year. The question is whether the two above stated issues are one and the same issue.

Art. 666—40, Vernon's Ann.P.C., provides for a number of issues which may be presented in a local option election concerning the liquor question. While this article sets out many forms of issues which may be submitted, there are really three issues upon which the people may vote, to-wit:

1. Prohibiting (legalizing) the sale of vinous and malt liquors that do not contain alcohol in excess of four (4%) per cent by weight.

2. Prohibiting (legalizing) the sale of vinous and malt liquors that do not contain alcohol in excess of fourteen (14%) per cent by volume.

3. Prohibiting (legalizing) the sale of all liquors.

■ All or any one of these issues may be submitted to the voters at one election. When the third issue alone is submitted to the voters they have only the choice of prohibiting or legalizing the sale of all liquors

678

including beer, wine and whiskey. Those who might favor the sale of beer or wine, but are opposed to the sale of whiskey, have no chance to express their desires; they must either vote to prohibit the sale of all liquors, which they do not favor, or they must vote to legalize the sale of all liquors which they do not favor, thus it will be seen they do not have an opportunity to vote on the issue of the sale of beer or the sale of wine.

We, therefore, conclude that the two issues were not one and the same issue, and that the petitioners were entitled to have an election called by the Commissioners' Court, submitting to the voters the issue: "For (against) legalizing the sale of beer that does not contain alcohol in excess of four (4%) per centum by weight."

The judgment heretofore entered will be set aside, and judgment now entered granting relator's application for mandamus.