**John D. ADAMS et al., Appellants,**

**v.**

**Horace G. MASTERS et al., Appellees.**

**No. 15589.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 26, 1960.

Rehearing Denied March 25, 1960.

Alvin Boyd, Dallas, for appellants.

Dan Gibbs and Marcus, Hartson & Cashman, Dallas, for appellees.

DIXON, Chief Justice.

Appellants John D. Adams and Edward Ernst have appealed from a judgment perpetually enjoining them from violating restrictions pertaining to property owned by them in Bruton Heights Addition in Dallas, Texas. They were about to erect or cause to be erected on their property an automobile service station, though one of the restrictions forbids the use of property within the addition for other than residential purposes.

The suit asking for the injunction was brought by appellee Horace G. Masters. Appellees J. E. Hill and wife Claudia Hill intervened also seeking an injunction against appellants.

In addition to their answer appellants filed a cross-action seeking to have the restrictions declared null and void and inoperative.

As shown by a plat which was introduced in evidence Bruton Heights Addition is rectangular in shape. The east boundary of the addition, one of the short sides of the rectangle is parallel and adjacent to Buckner Boulevard, a busy thoroughfare in suburban Dallas. Its west boundary, also a short side, is parallel and adjacent to Prichard Lane, which is altogether a residence street. Running lengthwise through the middle of the addition in a westerly di-

rection from Buckner Boulevard to Prichard Lane is Umphress Road.

The addition has been sub-divided into about thirty-seven lots. Seven of these lots face east on Buckner Boulevard; eleven lots face south on Umphress Road; twelve lots across the street, face north on Umphress Road; and seven lots face west on Prichard Lane.

Of the thirty lots facing on Umphress Road and Prichard Lane all except four or five have been improved by the construction on them of residence buildings. None of these lots is used for business or commercial purposes.

Four of the lots facing Buckner Boulevard lie north of Umphress Road. The first, a corner lot, is owned by appellant Adams and has a frame residence on it; the second property, adjacent to the Adams property to the north, is a vacant lot owned by appellant Ernst; the third lot has a residence on it which has been used under a special permit from the City of Dallas as a doctor's office; the fourth lot, on which there is a residence, is the home of a widow who is a dressmaker working in her home.

Appellants Adams and Ernst have applied to the City of Dallas for a change in zoning which would zone appellants' two lots for business uses. The City is holding up action on the application pending a determination of this lawsuit. It is the policy of the City, according to the City's Zoning Coordinator, not to zone property for business as long as deed restrictions are in effect which limit property to residential purposes.

The property of intervenors J. E. Hill and wife, on which their home is located, is the first lot facing south on Umphress Road west from Buckner Boulevard. The lots of appellants Adams and Ernst, facing Buckner Boulevard, back up to the Hill property. If appellants are permitted to erect a service station on their property, the rear of the service station would be

toward the Hill property. Appellant Adams testified that if permitted to erect a service station on his lot he would move the house now on his lot to the rear of the lot so it would be next to the Hill property.

Of the three lots facing Buckner Boulevard and lying south of Umphress Road, the first is occupied by an automobile service station; the second is a used car lot; and the third is a brick building used as a doctor's office. These lots have been zoned by the City of Dallas for business purposes.

Appellant John D. Adams was one of the original developers of the addition. In the year 1939 he joined with other parties in drawing up and filing for record a set of restrictions applicable to all lots in the addition. These restrictions among others include provisions as to the size in square feet and height of houses, the location of improvements with reference to boundary lines, and the number and character of outhouses. However the principal provision is that no retail or wholesale shop or store shall be erected and no business shall be carried on upon any lot.

Appellants' first point on appeal is that the court erred in *perpetually* enjoining them since the restrictions expire under their own terms in the year 1965.

■ We see no merit in appellants' contention. The court's decree does state that appellants are perpetually enjoined from violating the restrictions. But the language of the decree must be interpreted in the light of a provision of the instrument imposing restrictions, of which provision the court was well aware:

"* * * These covenants and restrictions are to run with the land and shall be binding on all the parties and all persons until January 1, 1965, at which time said covenants and restrictions herein contained, or any portion thereon, may be extended for additional time by making appropriate provisions."

We think it is plain that the court meant to enjoin appellants for so long a time as the restrictions remained in ·force and effect, and no longer. It would be absurd to interpret the court's words to mean that the injunction is to remain in effect forever regardless of the expiration of the term for which the restrictions were imposed. Appellants' first point is overruled.

In six additional points appellants contend that judgment should have been rendered in their favor because changed conditions have caused the restrictions to become inoperative; and appellees, by acquiescing in numerous violations, have waived and abandoned their rights to demand enforcement of the restrictions, and are now estopped to do so.

■ The evidence shows that a number of business establishments exist on property facing Buckner Boulevard outside of Bruton Heights Addition but not far away. Across the street from the Adams property is an automobile agency. Further north and south of the addition on Buckner Boulevard other businesses are in operation. Some distance south is a suburban business center. But Bruton Heights Addition, despite the encroachment of a few business establishments on Buckner Boulevard, is still predominantly residential in character. We cannot say that as a matter of law there has yet been such a change in conditions as would render the building restrictions inoperative.

The trial court made findings of fact to the effect that Bruton Heights Addition has been developed as a residential section and that appellees have not waived the deed restrictions in question, and did not have knowledge of numerous violations, for the most part minor and trivial in nature. Based on these findings and others the court concluded that appellees were entitled to the injunction they sought.

The findings and conclusions of the trial court find ample support in the evidence.

Appellee Masters did not testify. Appellee J. E. Hill did take the witness stand. He testified that when he bought his lot from appellant Adams in 1946 he was assured by Adams that the whole addition, including his lot, was restricted to residential uses; otherwise he would not have bought the lot and built his home on it.

He opposed the erection of the service station now in operation on the corner lot facing Buckner Boulevard south of Umphress Road, and was a defendant in a lawsuit brought by the lot owner. Finally in consideration of the sum of $375 paid to him as damages he agreed to a judgment in favor of the lot owner, which judgment provided that the restrictions were held to have been released and waived only as to Lots 1, 2 and 3 of Bruton Heights Addition. These are the three lots south of Umphress Road facing east on Buckner Boulevard. The City of Dallas had already passed zoning ordinances which permitted these lots to be used for business purposes.

Hill further testified that he had not noticed that one owner of property on Umphress Road had left his fence unpainted in violation of the restrictions, nor did he know that there were one or more instances of houses on Umphress Road which were slightly closer to front and side property lines than permitted by the restrictions. He also testified that he was not aware of other minor violations concerning which he was cross-examined.

■■ In view of the evidence we cannot say that the court erred in holding that appellees had not waived or abandoned their right to demand enforcement of the restrictions, or in holding that appellees were not estopped to demand enforcement. Appellants' second to seventh points inclusive are overruled.

The judgment of the trial court is affirmed.