Joe John **OWENS** et ux., Relators,

v.

Hon. Ernest **COKER**, District Judge, et al., Respondents.

No. 6651.

Court of Civil Appeals of Texas.

Beaumont.

May 16, 1963.

For opinion on rehearing see 368 S.W. 2d 959.

J. Robert Liles, Houston, for relators.

W. C. McClain, Conroe, William Clarke, Houston, for respondents.

McNEILL, Justice.

This is an application by relators for writ of mandamus against the Hon. Ernest Coker, Judge of the Ninth District Court of Montgomery County, in which Texaco Inc., Frank Pitts, and Cleveland Realty & Investment Co. were also made respondents.' The application was one to require Judge Coker to set the amount of supersedeas bond to supersede the judgment of said district court dated March 8, 1963. The case in which this judgment was rendered was one instituted by Texaco Inc., Frank Pitts, and Cleveland Realty & Investment Co. against relators, Joe John Owens and wife, seeking an injunction to restrain them, and all others acting in concert with them, from going on or remaining upon a certain acre of land alleged to be situated in the William Massey Survey in said county. The petition in that suit alleged that plaintiffs were the owners of and in the last peaceable possession of said premises, and the prayer was for notice to defendants for hearing on temporary injunction, and after such hearing, temporary injunction be issued to remain in force until final hearing when the injunction should be made permanent. Owens and wife answered and asserted that they were the owners of the premises and rightfully entitled to possession thereof. Upon a hearing the court

made an order, hereinafter described, restraining relators and others acting in concert with them from entering upon or remaining in possession of the premises until they shall have shown themselves the rightful owners thereof. After this order was granted, relators gave notice of appeal and requested the trial court to set the amount of bond to supersede the order which the trial court declined to do, evidently on the basis that it was a temporary injunction. See Oak Downs v. Watkins, Judge, Tex. Civ.App., 85 S.W.2d 1100.

Although relators' petition for mandamus describes the injunction as a temporary one, upon oral argument in this matter they contended and have submitted supporting brief that the injunction was actually a permanent one. Respondents join issue on this by ably arguing the order entered was a temporary injunction

■ The purpose of a temporary injunction ordinarily is to maintain the status quo until final hearing in the case. Lowe & Archer, Injunctions and Other Extraordinary Proceedings, Sec. 328, p. 340.

■■ There are three kinds of injunctions. "They are: (1) Temporary restraining orders; (2) temporary injunctions; and (3) permanent injunctions. The true character of each is determinable not by what it is denominated, but by its distinguishing characteristics and functions." Mickle v. Garrett, Tex.Civ.App., 110 S.W. 2d 1235 (1237).

■ What, then, is the nature of the injunction granted? Applying the test as stated in Mickle v. Garrett, supra, we must find the injunction's distinguishing characteristics and functions. The court's order of March 8, 1963, recites that "came on to be heard the application for temporary injunction * * * and came (the parties) (who will be referred to in this description of the order as they were in the trial court) * * * and announced ready for hearing upon said application for temporary in-

junction * * * (and) having considered the verified (pleadings of the parties), the testimony of witnesses, * * *." The order then makes the following findings: (1) On or about February 10, 1963, plaintiffs were in peaceable and exclusive possession of the one acre involved (which is surrounded by other lands in possession of plaintiffs all of which have been enclosed with a fence maintained by plaintiffs for many years). (2) On said date defendants cut in two places the fences and by force entered upon and seized the one acre, built a tin shack and with heavy equipment pushed up trees and graded a road 400 yards from the acre to the western side of plaintiffs' property; (3) Unless restrained, defendants will continue to build improvements and keep possession of and exclude plaintiffs from said land; (4) Plaintiffs were in peaceable and exclusive possession of said lands and enclosure "such possession being the last peaceable, non-contented status of the parties which preceded the filing of this suit"; (5) Defendants are probably *not* asserting a bona fide claim of title to the land but are actually agents for one who has lost his right through a former suit, to raise the issue of title.

Upon these findings the order provides:

"It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that Defendants, and each of them, their principals, agents, employees and others acting in concert with them, be, and they are hereby, temporarily restrained and enjoined from interfering with the peaceable and exclusive possession of the land hereinabove described, as well as all other lands within Plaintiffs' inclosure, which was cut and breached by Defendants as hereinabove set forth, so that the status quo thereof may be preserved, and restoring Plaintiffs to their prior and exclusive possession of the hereinabove described lands and premises and of all land within the Plaintiffs' said inclosure, and further enjoining Defendants, their principals, agents, employees and others acting in concert with them, from going upon said lands and premises or from remaining upon said lands and premises, from cutting or tearing down any of Plaintiffs' fences, and from erecting or maintaining or continuing a fence, building or roadway upon and around the lands and premises hereinabove described and the other lands within Plaintiffs' said inclosure, and from interfering with Plaintiffs' possession, use and enjoyment of the above described property and of all other land within Plaintiffs' said inclosure, which said temporary injunction shall remain in full force and effect until Defendants, their principals, agents, employees, and those acting in concert with them, by final judgment in an action in trespass to try title or other action commenced either as a cross-action herein or as an independent action, show a superior title in Defendants, their principals, and those acting in concert with them (or in any of such persons), to the land hereinabove described."

The order concludes by setting a bond of $2,500.00 to be given by plaintiffs prior to issuance of the writ.

It appears from the above that the order has many of the characteristics of a temporary injunction. The hearing was one upon application for a temporary writ; the language, generally, of the order, including that setting amount of the bond are characteristic of temporary injunctions. However, as a part of the function of the order, it is provided that "said temporary injunction shall remain in full force" until defendants, "by final judgment in an action in trespass to try title or other action commenced either as a cross-action herein or as an independent action, show a superior title" to the land involved. The concluding section of the prayer of the petition reads:

"* * * which said temporary injunction to remain in full force and effect until final judgment is entered in

this cause; and upon final hearing hereof, said temporary injunction be made permanent, for costs of court, and for such other and further relief, special and general, at law and in equity, to which Plaintiffs may show themselves justly entitled."

Now, this prayer asks that on final hearing the injunction be made permanent. What final hearing? It was that tendered by the issues in the petition. The object of the petition was to enjoin relators (defendants) from interfering with the possession of respondents (plaintiffs). It did not tender the issue of title. Could a final hearing on the question of injunction make any more permanent order than was made? We think not. Respondents cite McMahon v. Fender, Tex.Civ.App., 350 S.W.2d 239, for the proposition that the injunction issued is a temporary one. In that case a permanent injunction was granted enjoining a defendant from going upon the premises, or cutting any timber therefrom. On complaint that this language amounted to an adjudication of title by a suit for injunction, the appellate court modified the order so that it "will expire when and if defendant, by action in trespass to try title or other means, shows superior title in himself." By this change the Court of Civil Appeals did not make a temporary injunction out of a permanent one. It required no bond be given as a prerequisite to issuance of such a writ, but merely recognized the right that defendant could litigate the title should he desire. Since he was a trespasser apparently without right, the effect of this action was to cast defendant in the position of a plaintiff who carries the burden of proof in an action of trespass to try title.

But so far as the present action is concerned, the order of the court is a final one. The complete relief sought has been granted. No further hearing on this question could make a more permanent injunction. McMahon v. Fender, supra; Cf. Adams v. Masters, Tex.Civ.App., 333 S.W.2d 629; Wood v. Bird, Tex.Civ.App., 32 S.W.2d 271; Dallas Joint Stock Land Bank of

Dallas v. Barrett, Tex.Civ.App., 74 S.W.2d 297. There is no issue of injunction left to be determined. The suit brought has accomplished its mission. If defendants shall later prove title in themselves to the land, the injunction ceases; if not, it is a permanent one. There is nothing further plaintiffs can or need do about it. Though defendants have the option of bringing a cross-action in trespass to try title in the present case, this is in substance the beginning of another law suit.

Since no more permanent order could be made than was made, it was a final judgment in and disposes of the case. Lowe & Archer, Injunctions and Other Extraordinary Proceedings, Sec. 358, pp. 374, 375. Whether it was intended or not, the hearing was a final one and the injunction permanent within the meaning of the prayer of the petition, Sec. 328, pp. 340, 341.

The injunction granted being a permanent one, defendants were entitled to supersede it. Since we believe the trial court will readily set the amount of supersedeas bond in view of our order, the writ will not be issued if this order shall be complied with promptly.