

# The Attorney General of Texas

April 19, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill Coody, Chairman
Liquor Regulation Committee
House of Representatives
Austin, Texas

Opinion No. MW-12

Re: Frequency at which local option elections on the legal sale of alcoholic beverages may be held.

Dear Representative Coody:

You have requested our opinion in reference to the interpretation of section 251.17 of the Alcoholic Beverage Code. That section provides:

> No local option election on a particular issue may be held in a political subdivision until one year has elapsed since the last local option election in that subdivision on that issue.

Your question is whether a local option election on the sale of alcoholic beverages is prohibited if it would present a ballot proposition which is identical to a proposition approved less than a year before in the same subdivision.

Section 251.14 of the Alcoholic Beverage Code sets out eight possible wordings for a local option ballot. It has been established that every one of these eight propositions constitutes a separate issue for purposes of section 251.17. Fox v. Burgess, 302 S.W.2d 405 (Tex. 1957). Your question is whether identical ballot propositions present different issues when one is presented in a legalizing election and the other is presented in a prohibitory election.

When a local option election is held, the wording will always be "for (or against) the legal sale" of a particular type of alcoholic beverage. There is no difference in the wording of the proposition between a legalizing and a prohibitory election; however, the statutes treat the propositions differently depending on whether they are legalizing or prohibitory. For example, the wording of a petition will vary depending on whether it seeks a legalizing or prohibitory election. Alcoh. Bev. Code, §§ 251.04, 251.05, 251.07, 251.08. The effect of the vote will depend on the nature of the election as a legalizing or prohibitory election. Alcoh. Bev. Code, § 251.51. County financing of the election may depend on whether the election is to legalize

or prohibit.  Alcoh. Bev. Code § 251.40.  We have examined the language in the various statutes discussing the issues to be placed on the ballot, and it is consistent both with an interpretation that a ballot proposition can present only a single issue or with an interpretation that a ballot proposition will present one of two issues depending on whether it is a legalizing or prohibitory election.

The predecessors to sections 251.14 and 251.17 were discussed in Mitchell v. McCharen, 119 S.W.2d 676 (Tex. Civ. App. — San Antonio 1938), writ dism'd per curiam, 121 S.W.2d 1055 (1938).  Unlike the present statute, the law at that time provided a different wording on the ballot if the election was a prohibitory one rather than a legalizing one.  The statute listed several different wordings which might be placed on the ballot.  Acts 1937, 45th Leg., 1st Called Sess., ch. 13, at 1765–1766.  Nevertheless, the court said that these different propositions constituted only three issues.  Mitchell, supra at 677.  This conclusion was adopted by the Texas Supreme Court.  Fox, supra at 407.  The three issues discussed in Mitchell are equivalent to the eight ballot propositions permitted under current law.  Under the Mitchell and Fox rationale we believe that the submission of a ballot proposition constitutes the same issue whether it is submitted in a prohibitory or a legalizing election.  The eight ballot propositions set out in section 251.14 constitute all the possible issues which may be presented.  Thus, the same ballot proposition in a local option election on the legal sale of alcoholic beverages may not be submitted twice within a twelve-month period.

## SUMMARY

A local option election on the legal sale of alcoholic beverages may be held only one time per year in a political subdivision on a particular issue.  A ballot proposition presents the same issue as an earlier proposition if it contains identical language even if one election is designed as a legalizing election and the other is designed as a prohibitory election.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General,

Prepared by C. Robert Heath
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Rick Gilpin
Walter Davis
Reed Lockhoof
William G Reid
Bruce Youngblood