GEO. L. ANTHONY V. J. F. BALL ET AL.

No. 2450. Decided March 22, 1916.

**1.—School Land—Forfeiture—Affidavit of Settlement—Harmless Error.**

Though a purchaser of school land had thirty days after ninety days from the date of purchase within which to file his affidavit that he had made settlement on the land as required, and it was error to charge that he must do so within thirty days from date of settlement, such error was not ground for reversal where his rights had been declared forfeited for failure to maintain residence on the land and such forfeiture was shown to be proper under the undisputed evidence. (Pp. 3, 4.)

**2.—School Land—Residence—Abandonment.**

Mere absence of the purchaser of school land as an actual settler, for eight or nine months, from the premises, did not as matter of law afford ground for forfeiture because of his abandonment of residence thereon; but such absence and his employment elsewhere must not be inconsistent with his obligation to remain, in fact and in good faith, a settler on the land. A mere intention to return and occupy the land is not equivalent to such continued residence. Facts here considered are held to show an abandonment. (Pp. 3, 4.)

**3.—Same—Case Stated.**

A purchaser of school land as an actual settler thereon was absent therefrom eight and a half or nine months of the first nine and a half months after settlement on it. During this time he engaged elsewhere in business as a land agent and as clerk and manager of a business for another. Held, that this constituted an abandonment of his residence, and that his purchase was properly forfeited by the Land Commissioner therefor. (Pp. 2, 5.)

Error to the Court of Civil Appeals for the Eighth District, in an appeal from Reeves County.

Anthony sued Ball and another in trespass to try title, appealed from a judgment for defendant, and on its affirmance obtained writ of error.

*McKenzie & Brady* and *J. W. Parker*, for plaintiff in error.—The rule is practically universal that whenever the intent of a person in the doing of an act is relevant to the issue, whether a party to the cause or not, such person may testify directly as to what his intention

was in the given instance. Sweeney v. Conley, 71 Texas, 543, 9 S. W.,
548; Fox v. Robbins, 70 S. W., 597; Gimbel v. Gompreacht, 36 S. W.,.
781; Pitts v. Elser, 7 Texas Civ. App., 47, 32 S. W., 146. See, also,
Encyclopedia of Evidence, vol. 7, page 596, and the authorities there
cited from all the States of the Union, except one.

At the time plaintiff's award was cancelled by the Land Commis-
sioner, plaintiff was in person an actual bona fide resident upon the
land in controversy. Bustin v. Robison, 119 S. W., 1140; State of
Texas v. Davidson, 132 S. W., 520; Ramsey v. Patterson, 133 S. W.,
930, 135 S. W., 212.

*Hudson & Canon* and *Ross & Hubbard,* for defendants in error.—
An erroneous charge upon a question not properly involved in the case
will not be cause for reversal. Marsalis v. Patterson, 83 Texas, 525;.
Hardy v. DeLeon, 5 Texas, 238; Jones v. .Thurmond, 5 Texas, 329;
League v. Davis, 53 Texas, 14; G., H. & S. A. Ry. Co. v. Adams, 94
Texas, 106.

If the jury, under the evidence, could have found no other verdict,.
error in the charge is not cause for reversal. Worthington v. Wade,
82 Texas, 26, 17 S. W., 520; T. & P. Ry. Co. v. Magrill, 15 Texas.
Civ. App., 353, 40 S. W., 190; Bowles v. Brice, 66 Texas, 724, 2 S. W.,.
733; McBride v. Banguss, 65 Texas, 177.

Where a party has been absent for a longer period than six months
continuously his occupancy has never been upheld. Andrus v. Davis,
99 Texas, 303, 89 S. W., 772. Nine months absence, land forfeited.
Mann v. Greer, 33 Texas Civ. App., 517, 77 S. W., 34. More than six
months absence, and could not buy additional land. Overfelt v. Vin-
son, 103 S. W., 1189. Six months and four days absence—forfeited.
Bustin v. Robison, 119 S. W., 140. Three months absence excused.
Ramsey v. Patterson, 133 S. W., 930. Two and one-half months ab-
sence to attend school, excused. Lane v. Samora, 136 S. W., 818. Five
months absence of man, and nine months absence of family—land for-
feited.

Actual occupancy of school land being required by law, intent be-
comes immaterial; the question being, what are the facts? Overfelt
v. Vinson, 103 S. W., 1189; Mann v. Greer, 33 Texas Civ. App., 517,
77 S. W., 34; Andrus v. Davis, 99 Texas, 303, 89 S. W., 772; Bustin
v. Robison, 119 S. W., 1140; Lane v. Samora, 136 S. W., 818.

MR. JUSTICE YANTIS delivered the opinion of the court.

Suit in trespass to try title was filed in the District Court of Reeves
County, Texas, by Geo. L. Anthony, plaintiff in error, against J. F.
Ball and J. D. Ball, defendants in error. The latter answered by plea
of not guilty. The land in controversy was public free school land.
On June 23, 1906, Anthony made application to the Land Commis-
sioner to purchase the land. It was awarded to him on said applica-
tion July 14, 1906. He made settlement on the land, and filed the

affidavit of settlement in the General Land Office, and made payment of one-fortieth of the purchase price therefor. In November, 1907, the Land Commissioner declared a forfeiture, endorsing on Anthony's application, "Land forfeited for failure to reside thereon as required by law." In January, 1909, the Commissioner of the General Land Office awarded the land to the defendants in error, J. F. Ball and J. D. Ball.

The case was tried before a jury, and a verdict and judgment were rendered in favor of the defendants in error, J. F. Ball and J. D. Ball. Appeal was taken by Anthony, the plaintiff in error, to the honorable Court of Civil Appeals for the Eighth District, in which court the judgment of the District Court was affirmed. On petition for writ of error presented here by Geo. L. Anthony, plaintiff in error, a writ was granted in his favor, this court then being of the opinion that the evidence made an issue of fact for the consideration of the jury as to whether Anthony had abandoned the land. At the trial of the case the court charged the jury that if they believed Geo. L. Anthony, on or before the expiration of ninety days from the date of the award of said land to him by the Commissioner of the General Land Office was in person and in good faith an actual and bona fide settler on said land, and that within thirty days from the date of said settlement, if any, the plaintiff made and filed with the Commissioner of the General Land Office his affidavit of settlement, in such event the plaintiff could recover. This charge was by the honorable Court of Civil Appeals properly held to be erroneous, because the law did not require Anthony to file his affidavit within thirty days of settlement, but instead, did require him to file it within thirty days of the ninety days from the date of his purchase. The Court of Civil Appeals held that this error was reversible if there had been sufficient facts on which to base a recovery in favor of Anthony, but that the particular facts in this case would not have supported a verdict for Anthony, and that the giving of the erroneous charge was harmless error.

After a careful review of the evidence we have reached the conclusion that this holding was correct.

We think the undisputed evidence shows without material conflict that Anthony abandoned the property as a permanent place of abode. After improving the land and making settlement thereon he occupied it, according to his own statement, but from two to four weeks, and then left it, going to East Texas, where he remained from four to six weeks, when he returned to the property, remaining inferentially but a few days; that he again left and remained in East Texas and North Texas from the 14th day of September, to about the 6th day of May, following; or about seven and a half months. During his second trip away from the land it was declared forfeited by the Land Commissioner, early in November. So it appears that during the first nine and a half months after making settlement on the land he was absent eight and a half or nine months. Mere absence for that length of time alone would not, as a matter of law, necessarily constitute an abandon-

ment of the property as his permanent place of abode. If his absence was in fact only temporary, it would not work a forfeiture of his rights, if his absence was enforced by causes consistent with his actual occupancy of the land. (Bustin v. Robison, 102 Texas, 526, 119 S. W., 1140; Andrus v. Davis, 99 Texas, 303, 89 S. W., 773.) There is no requirement that the purchaser should never leave his land, but it is required by law that he occupy it in good faith as an actual settler for a period of three consecutive years. Temporary absence therefrom by a settler for purposes consistent with this obligation is permissible, if he acts in good faith as an actual settler. But absence on business of a nature which is inconsistent with his obligation to be in fact an actual settler in good faith rightfully incurs a forfeiture of his contract, because it amounts to a breach thereof.

We think the line of business pursued by Anthony during his absence, combined with his protracted absence, sufficient to deny him a recovery as a matter of law on the ground that he abandoned the occupancy of the land. He states that he went east to sell a piece of land which he had in Van Zandt County; that while he was away he went into the land business, and was trying to sell his own land and other land also; that while he was away he clerked for Bush at Grand Saline; that he had charge of the business for them a little while; that he was in and out of Grand Saline, in charge of the business for Bush Brothers three or four months, boarding at a hotel and living in the country with a friend; that when he left Grand Saline he went to Gainesville and Terrell; that in Gainesville he consummated a trade; that before he left he sought and secured the advice of an attorney, who told him that he could leave without forfeiting his land. It is true he also testified that he had been off of his land purely on business, and did not intend to remain away; that he considered this section of land his home, and that he had no other home. But he does not explain his protracted absence, as being unavoidable, or in aid of his occupation of the land. Little more than his intention to return is shown, and mere intention to occupy the land, is not the equivalent of actual occupation, and is insufficient to cover the requirements of his contract.

We think that the intention alone to return to the land would not preserve his rights, or constitute him, within the meaning of the statute, an actual settler with a permanent residence on the land, when, as in this case, his intention was accompanied with purposes and a course of business dealings inconsistent with the duty which he owed under his contract to occupy the land as a place of permanent abode as an actual settler on said land.

We, therefore, hold, as did the honorable Court of Civil Appeals, that though the charge complained of was erroneous, it was harmless, when, according to all the evidence, no other verdict than the one which was rendered against him would have had support in the evidence.

The judgments of the District Court and of the Court of Civil Appeals are in all things affirmed.

MR. JUSTICE HAWKINS, concurring.

I concur in the result, upon the view that Anthony's absence from the land for the periods of time and the purposes stated by him constituted, as a matter of law, adequate grounds for the forfeiture of the sale to him.

*Affirmed.*