EZELLE FOX ET AL V. WALTER J. BURGESS ET AL.

No. A-6255. Decided May 15, 1957.
Rehearing overruled June 12, 1957.
(302 S.W. 2d Series 405.)

*Lovell & Lyle* and *James R. Lovell,* all of Dumas, and *Looney, Clark & Moorehead* and *R. Dean Moorehead,* all of Austin, for petitioners.

*C. J. Humphrey,* of Amarillo, for Respondents.

MR. JUSTICE CULVER delivered the opinion of the Court.

This suit was instituted by respondents against Ezelle Fox,

County Judge, and County Commissioners, seeking injunctive relief and to have declared void a local option liquor election held in Moore County on the ground that it contravenes the prohibition in Article 666-32 of the Penal Code as follows:

"No subsequent election upon the same issue shall be held within one (1) year from the date of the last preceding local option election in any county, justice's precinct, or incorporated city or town."

The trial court denied all relief prayed for by respondents and inferentially held the election to be valid. The Court of Civil Appeals, to the contrary, held the election null and void, reversed and rendered. 298 S.W. 2d 653.

We granted the application for writ of error on account of the conflict between the instant decision of the Court of Civil Appeals and that of the San Antonio Court in Mitchell v. McCharen, 119 S.W. 2d 676. We agree with the latter holding.

In the first part of 1956 all types of alcoholic beverages were legally sold in Moore County. On June 9, 1956 an election was held in that county on the issue "for (against) the legal sale of all alcoholic beverages." A majority voted against. On August 3, 1956 an election was held on the issue "for (against) the legal sale of all alcoholic beverages for off-premise consumption," and a majority voted affirmatively. Respondents charge that the latter election was illegally held for the reason that it submitted the same issue that was voted upon in the previous election on June 9th which made illegal the sale of all alcoholic beverages.

Article 666-40, Penal Code, provides for local option elections "for the purpose of determining whether alcoholic beverages of the various types and alcoholic contents herein provided, shall be legalized or prohibited." It further provides that "in areas where any type or classification of alcoholic beverages is prohibited and the issue submitted pertains to legalization of the sale of one or more such prohibited types or classifications, one of the following issues shall be submitted:

"(a) 'For the legal sale of beer' and 'Against the legal sale of beer.'

"(b) 'For the legal sale of beer for off-premise consumption only' and 'Against the legal sale of beer for off-premise consumption only.'

"(c) 'For the legal sale of beer and wine' and 'Against the legal sale of beer and wine.'

"(d) 'For the legal sale of beer and wine for off-premise consumption only' and 'Against the legal sale of beer and wine for off-premise consumption only.'

"(e) 'For the legal sale of all alcoholic beverages' and 'Against the legal sale of all alcoholic beverages.'

"(f) 'For the legal sale of all alcoholic beverages for off-premise consumption only' and 'Against the legal sale of all alcoholic beverages for off-premise consumption only."

Likewise, the article provides for the submission of the same issues in a prohibitory election where the sale of all alcoholic beverages has been legalized.

The Court of Civil Appeals held that:

"Therefore when the qualified voters of Moore County, Texas, voted the county dry on June 6, 1956, it must remain dry for at least one year before any kind of a local option election can be legally held to determine the legal sale of any kind of alcoholics for any purpose."

■ Thus the only and controlling question to be decided here is whether or not the elections of June 9th and August 3rd were upon the *same issue* as contemplated by the prohibition in Article 666-32, Penal Code, quoted above. In your opinion the *issues* are not the same and therefore the election of August 3rd is valid. The statute 666-40, Penal Code, very clearly sets out six separate propositions that may be voted upon and denominates them as "issues." It must be presumed that the Legislature intended for the word "issue" to have the same meaning in Article 666-32 as it does in Article 666-40. In the former article it is provided that "in any election ordered by the Commissioners' Court the *issue* ordered to appear on the ballot shall be the same as that applied for and set out in the petition." The issue ordered to appear on the ballot must be one of the issues provided for in Section 666-40.

Prior to the 1953 Amendment, Article 666-40 provided for only three issues. The decision in Mitchell v. McCharen was rendered in 1938. The facts in that case are that in Willacy County within a year after a local option election on the issue

"for (against) prohibiting the sale of alcoholic beverages" the Commissioners' Court refused to order a local option election on the issue "for (against) legalizing the sale of beer that does not contain alcohol in excess of four per cent (4%) by weight." The Court of Civil Appeals in reversing the trial court held that the two issues were not one and the same and granted relator's application for mandamus requiring the Commissioners' Court to order the election. The Amarillo Court took the view that the per curiam order entered by this Court (121 S.W. 2d 1055) had the effect of nullifying the pronouncement of law as decreed by the San Antonio Court so as to render it of no precedential value. It appears that the application was granted and the cause ordered dismissed on the same day for the reason that the case had become moot. We ordered that the conflicting judgments of the two lower courts be reversed, the trial court having denied the writ of mandamus and the Court of Civil Appeals having granted the writ. It cannot be said that our per curiam indicated either approval or disapproval of the opinion of the Court of Civil Appeals.

Respondents contend that the prohibition in Article 666-32 is susceptible of three constructions, (1) that where an election has been held on the issue of "for (against) the sale of all alcoholic beverages" that this is the ultimate issue and regardless of the vote no subsequent election on any issue can be held within the period of one year thereafter; (2) that more than one issue might legally be voted upon within the period of one year only in an ascending scale, namely, by voting first on beer, then on wine and finally on all alcoholic beverages. This would be for the reason, they say, that no election would be contradictory of the preceding election. And (3) the interpretation placed upon the statute in the McCharen case holding that an election could be held on the issue of legalizing the sale of beer even though an election within the year had resulted in outlawing the sale of all alcoholic beverages. They then reason that any construction of the statute that would allow an election to be held on any one of the issues (a), (b), (c), (d) or (f) within a year after an election on (e) in which the majority declared against the legal sale of all alcoholic beverages would be an unreasonable construction and lead to absurdity, hardship, inconvenience and injustice. They insist that the first and second are the only reasonable constructions that may be given to the Act.

But for the prohibition contained in Article 666-32, we take it that local option liquor elections on the same issue could be

held as often as the proper petitions were presented to the Commissioners' Court. The only prohibition that the Legislature has placed upon the number of elections is that the same issue may not be voted upon twice within one year. The possibility of holding six elections within one year may seem to be absurd. It certainly may work an inconvenience, possibly some hardship and in a sense might be said to be unjust, but even so we think this is no reason to give to the statute any meaning other than that plainly conveyed on its face.

■ The evident intention of the Legislature in the adoption of Article 666-40 was to provide that the majority might choose the desired type and classification of alcoholic beverages or to prohibit the sale altogether of all types if it so willed. The Legislature went to considerable length to bring about that result and we think the construction urged by respondents would be contrary to that intent. As expressed by the San Antonio Court, if no other issue could be voted upon within the year after the majority had declared against the sale of all alcoholic beverages, it would deny to the majority the right to legalize the sale of beer, for instance, and this we think is one of the rights which the statute was designed to protect. The McCharen case was decided in 1938 and opinions of the Attorney General to the same effect have consistently been given, one as early as January 1938, and another as recently as October 1953, and yet the Legislature has seen fit to make no substantial change in the law except to double the number of issues that might be voted upon and to provide that only one issue may be submitted to the electorate at any one election.

If under the statute, as respondents tacitly concede, elections may be called by ascending the stairway from legalization of beer to that of all alcoholic liquors, we perceive no reason why the issues may not be submitted in reverse order. Even in going up the stairway we cannot accept the proposition, asserted by respondents, that a vote on one issue could not be contradictory of a preceding election. For instance, if the first election legalized the sale of beer and in a subsequent election the majority voted against the sale of all alcoholic beverages, we think the latter election would control and the sale of beer would no longer be legal.

Respondents say that if this election in question is held to be valid hopeless confusion will result. Apprehension of this nature would seem to be forestalled by the fact that since the passage of the Act in 1935 this is only the second case on this

question which has reached the Court of Civil Appeals. Respondents illustrate by citing a hypothetical case based on the possible results of a simultaneous election on more than one issue. As we read Article 666-40 the 1953 Amendment expressly provides for an election on only one issue at a time, whereas before the amendment the article provided for the submission of one or more issues together.

We think that the statute is plain and unambiguous, therefore the rules of construction sought to be applied by the respondents are inappropriate. We do not agree with respondents' contention that a vote on Issue (e) that went against the legal sale of all alcoholic beverages would preclude another election within the same year on a different issue.

The judgment of the trial court is affirmed and that of the Court of Civil Appeals is reversed.

Opinion delivered May 15, 1957.

Rehearing overruled June 12, 1957.