Cecil SUMROW et al., Appellants,

v.

W. L. (Lew) STERRETT, County Judge, et al., Appellees.

No. 15309.

Court of Civil Appeals of Texas. Dallas.

June 28, 1957.

Rosenfield, Berwald & Mittenthal, Dallas, for appellants.

Henry Wade, Dist. Atty., John J. Fagan and John B. Webster, Asst. Dist. Attys., Biggers, Baker, Lloyd & Carver, and Alan Griswood, all of Dallas, for appellees.

DIXON, Chief Justice.

On February 19, 1957, Cecil Sumrow, B. W. Harper and Amon Jefferson, relators, acting for themselves and others similarly situated, filed their application asking that a writ of mandamus be directed to respondents W. F. (Lew) Sterrett, County Judge of Dallas County, Texas, and Denver Seale, Jesse K. Bell, W. H. (Bill) Coyle, and Lynn V. Lawther, County Commissioners, in their official capacity as members constituting the Commissioners Court of Dallas County, Texas. Relators prayed that respondents be ordered to call a local option election in Justice Precinct No. 7 in compliance with Art. 666, sec. 32, Vernon's Penal Code of the State of Texas, in which election the qualified voters of Precinct No. 7 might vote on one of the issues contained in Art. 666, sec. 40, of the Penal Code.

Art. 666–40, Penal Code, contains these provisions:

"In areas where any type or classification of alcoholic beverages is prohibited and the issue submitted pertains to legalization of the sale of one or more such prohibited types or classifications, one of the following issues shall be submitted: (a) 'For legal sale of beer' and 'Against the legal sale of beer.' (b) 'For the legal sale of beer for off-premise consumption only' and 'Against the legal sale of beer for off-premise consumption only.' (c) 'For the legal sale of beer and wine' and 'Against the legal sale of beer and wine.' (d) 'For the legal sale of beer and wine for off-premise consumption only' and 'Against the legal sale of beer and wine for off-premise consumption only.' (e) 'For the legal sale of all alcoholic beverages' and 'Against the legal sale of all alcoholic beverages.' (f) 'For the legal sale of all alcoholic beverages for off-premise consumption only' and 'Against the legal sale of all alcoholic beverages for off-premise consumption only.' "

Art. 666–32, Penal Code, contains this provision:

"* * * No subsequent election upon the same issue shall be held within one (1) year from the date of the last preceding local option election in any county, justice's precinct, or incorporated city or town."

The particular issue which relators desired to be submitted to the voters is that described in Art. 666–40, subd. (b):

" 'For the legal sale of beer for off-premise consumption only'
and
" 'Against the legal sale of beer for off-premise consumption only.' "

In their written answer filed March 1, 1957, respondents admitted the truth of the allegations contained in relators' petition except that (1) they denied that they had or have any duty or authority to call a local option election on the issue described in relators' petition; and (2) they denied that the issue proposed to be submitted had not been voted upon by the qualified voters of Justice Precinct No. 7 within a year preceding the filing of the application.

Respondents also affirmatively pled as follows:

"Respondents would further show the court that during the year immediately prior to December 15, 1956, Justice Precinct No. 7 of Dallas County, Texas was an area in which the sale of beer containing alcohol not exceeding 4 per centum by weight was legal, and the sale of all other alcoholic beverages was prohibited; that pursuant to a petition presented to the Commissioners Court of Dallas County,

Texas in proper legal form, the said Commissioners Court of Dallas County, Texas on November 19, 1956 issued its order calling an election to be held within Justice Precinct No. 7 of Dallas County, Texas on December 15, 1956 in which the issue to be voted on by the qualified voters of that precinct was worded:

" 'For the Legal Sale of Beer'

" 'Against the Legal Sale of Beer';

that the said local option election on this issue so worded, was duly held on December 15, 1956 wherein a majority of the voters voting at such election voted 'Against the legal sale of beer.'

"The issue voted upon in the election held on December 15, 1956, 'For or against the legal sale of beer' embraces within itself the issue proposed by relators to be submitted, 'For or against the legal sale of beer for off-premise consumption only.' Since it is provided in Vernon's Ann.P.C. Article 666-32 that 'no subsequent election upon the same issue shall be held within one (1) year from the date of the last preceding local option election' in a Justice Precinct, respondents are without legal authority to order an election as sought by relators within less than one year following December 15, 1956."

Also filed on March 1, 1957, was a plea in intervention in behalf of J. Herschel Fisher, Wiley Roberts, Dr. Lewis N. Stuckey, Rev. Buel R. Crouch, Clyde A. Wherry, Rev. Robert T. Metzger and Harvey Lawson, all of whom alleged they were residents and qualified voters in Precinct 7. Their plea was substantially the same as the answer of respondents.

The material facts were undisputed, so the cause was tried on an agreed statement of facts. We quote from the agreed statement:

"1. On December 15, 1956 the following issue was voted on by the voters of Justice Precinct No. 7, Dallas County, Texas, being the same issue as set out in paragraph (a) of Article 666-40 of the Texas Penal Code: For the legal sale of beer. Against the legal sale of beer. 2. That at the aforesaid election on December 15, 1956 a majority of the voters voting at such election in Justice Precinct No. 7 voted against the legal sale of beer in said Precinct. 3. That immediately prior to the local option election on December 15, 1956 in the area known as Justice Precinct No. 7, Dallas County, Texas the sale of beer containing not exceeding four per cent (4%) by weight had been legalized, and all other alcoholic beverages were prohibited. * * * 5. That on January 30, 1956 (1957) the required number of qualified voters of Precinct No. 7, Dallas County, Texas filed a petition with the Clerk of the Commissioners Court of Dallas County, Texas requesting the Commissioners Court of Dallas County, Texas to order an election in Justice Precinct No. 7, Dallas County, Texas on the following issue, being the same issue as set out in paragraph (b), Article 666-40 of the Texas Penal Code: For the legal sale of beer for off-premise consumption only Against the legal sale of beer for off-premise consumption only. 6. That on February 18, 1957 the County Clerk of Dallas County, Texas presented said petition, after having checked the names on said petition as required by law, and certified the same to the Commissioners Court of Dallas County, Texas as having the requisite number of signatures of qualified voters thereon, and on such date, being the first regular meeting of said Commissioners Court, the said Commissioners Court rejected such petition and entered an order refusing to order said election; that said respondents still refuse to order said election. * * * 8. All procedural requirements (except in so far as such issue may be precluded by virtue of the election of December 15, 1956) have been met for the submission of said issue as contained in paragraph (b) of Article 666-40 of the Penal Code."

At the conclusion of the hearing in the trial court on March 1, 1957, the court entered its judgment that relators take nothing by their suit and that the writ of mandamus prayed for be denied.

The appeal of relators is based on four alleged points of error: (1) The issue voted on in the local option election of December 15, 1956, was not the same issue as that which relators now seek to have submitted; therefore the local option election which relators desire would not violate the provision of Art. 666–32 of the Penal Code that no subsequent election on the same issue shall be held within one year from the date of the last preceding local option election; (2) since all procedural requirments have been met, and no objections have been made to the form of relators' application, the trial court should have issued its writ of mandamus; (3) the courts have no power to interfere in an election or to refuse to order an election, even a void election, because, in this case, the proposed issue is legislative in character and had not been withdrawn from the field in which the initiatory process is operative; and (4) when, as here, all procedural requirements have been met, the ordering of the election was purely a ministerial duty on the part of the Commissioners Court under Art. 666–32 of the Penal Code.

In reply to the above alleged points of error, respondents present one counterpoint: Relators in their petition did not allege, and the proof did not show, a clear legal duty on the part of the Commissioners Court to order the election.

■ The principal question presented for our determination is this: Is the issue described in subdivision (a) of the statute, Art. 666–40, which was submitted in the election of December 15, 1956, the same as the issue described in subdivision (b), which relators now seek to have submitted to the voters?

Respondents concede that a recent holding of our Supreme Court requires us to sustain relators' first point on appeal. Fox v. Burgess, Tex., 302 S.W.2d 405, 407, decided May 15, 1957. In the above case the facts were that the voters of Moore County, Texas on June 9, 1956, had voted their county dry under subdivision (e) of Art. 666–40, Penal Code. Within a year, on August 3, 1956, another election was held on the issue described in subdivision (f). At this second election the vote was in favor of the sale of alcoholic beverages for "off-premise consumption only." Respondents brought suit to have the second election declared void. The position of respondents was that issue (e) is all inclusive—it includes issue (f)—consequently the legal sale of all alcoholic beverages for off-premise consumption only had been prohibited for at least a year after the qualified voters had at the first election voted to prohibit "the sale of all alcoholic beverages." The two issues were the same, charged respondents, therefore the second election was illegal because it violated the provision in Art. 666–32 that "No subsequent election upon the same issue shall be held within one (1) year from the date of the last preceding local option election * * *."

On the appeal of the case the Supreme Court held adversely to the contention of respondents. In connection with its holding the Supreme Court said: "In our opinion the *issues* are not the same and therefore the election of August 3rd is valid. The statute 666–40, Penal Code, very clearly sets out six separate propositions that may be voted upon and denominates them as 'issues'. * * * The evident intention of the Legislature in the adoption of Article 666–40 was to provide that the majority might choose the desired type and classification of alcoholic beverages or to prohibit the sale altogether of all types if it so willed.

* * * We do not agree with respondents' contention that a vote on Issue (e) that went against the legal sale of all alcoholic beverages would preclude another election within the same year on a different issue."

Thus the Supreme Court held in effect that each of the issues set out in Art. 666–40, Penal Code, is different from the others.

The holding of the Supreme Court in the Fox case must control our holding here. The issue set out in Art. 666–40, subdivision (a), which was voted on in Precinct No. 7 in the election of December 15, 1956, is not the same as the issue set out in subdivision (b) of the statute; therefore the submission within the year of issue (b) requested by relators will not contravene Art. 666–32, Penal Code. Relators' first point on appeal is sustained.

■ Under their counterpoint respondents argue that there was no duty on respondents to call the election sought by relators because relators failed to allege or prove that the results of the election of December 15, 1956, had been officially canvassed and the result announced by the Commissioners Court. This was necessary, say respondents, in order to show that the sale of beer had been prohibited in Precinct No. 7. The sale of beer had been permitted in Precinct No. 7 prior to the election of December 15, 1956. Unless that status had been officially changed (and it was relators' burden to show the change) there could be no purpose in calling an election to permit the sale of beer for off-premise consumption.

The contention of respondents (raised for the first time on appeal) is untenable. As shown by the pleadings hereinbefore quoted, respondents and intervenors pled the election of December 15, 1956 and its results as a defense to relators' suit. In the agreed statement of facts it was expressly stipulated that all procedural requirements had been met except in so far as submission of the proposed issue might be precluded by the election of December 15, 1956. It was further stipulated that the election had been held and that a majority voted against the legal sale of beer in said Precinct. In view of the pleadings of respondents and intervenors and the agreed facts, respondents will not now be heard to say that relators' application is fatally defective because they failed to plead and prove that the election results of December 15, 1956, had been canvassed and the results officially announced. Relators' second and fourth points are sustained.

In the light of our holdings as to relators' first, second and fourth points, their third point may be regarded as immaterial to the outcome of this appeal. For that reason we shall not pass on their third point.

The judgment of the trial court is reversed and judgment is here rendered for relators; the trial court is directed to issue its writ of mandamus commanding the Commissioners Court of Dallas County, Texas, to order an election as prayed for by relators.