

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 3, 1961

Honorable Doug Crouch
District Attorney
Tarrant County
Fort Worth, Texas

Opinion No. WW-1104

Re:   In an area which has le-
      galized the sale of beverages
      containing alcohol not in
      excess of fourteen per centum
      (14%) by volume can a "pro-
      hibitory" election be called
      by the presenting of any issue
      other than those set out as
      (m), (n), (o) and (p) in Art.
      666-40 of the Penal Code?

Dear Mr. Crouch:

        You have requested an opinion of this Department on the
above subject matter on issues involving local option elections.
Your letter reads in part as follows:

        "(1)  In an area which has legalized the
        sale of beverages containing alcohol not in
        excess of fourteen per centum (14%) by volume
        can a 'prohibitory' election be called by the
        presenting of any issues other than those set
        out as (m), (n), (o) and (p) in Art. 666-40
        of the Penal Code?

        "(2)  In an area where the sale of beverages
        containing alcohol not in excess of fourteen per
        centum (14%) by volume has been legalized would
        not a petition for an election on the issues of
        'for the legal sale of all alcoholic beverages'
        and 'against the legal sale of all alcoholic
        beverages' be construed exclusively as a 'le-
        galizing' election so that an affirmative vote
        would result in increasing legalization and a
        negative vote in retaining the status quo?
        (Emphasis added.)

        "My questions are prompted by a situation which
        has arisen in Tarrant County.  On about September 10,
        1960, the voters of Precinct 7 in this county at an

election called for that purpose pursuant to all statutory provisions <u>voted to legalize the sale of beer and wine for off-premises consumption only</u>. Residents of the precinct seeking the <u>prohibitory</u>-- not a <u>legalizing</u> -- election have presented to the County Judge and Commissioner's Court of Tarrant County a petition for an election upon the issues of 'for the legal sale of all alcoholic beverages' and 'against the legal sale of all alcoholic beverages.'"   (Emphasis added.)

The questions presented are controlled by the provisions of Articles 666-32, 666-35 and 666-40 of Vernon's Penal Code which were passed pursuant to Article XVI, Section 20 of the Constitution of Texas.

Article 666-40 is the law controlling the submission of issues in an election of this kind, and we agree with your analysis of this statute which we quote from your letter as follows:

"'In areas where <u>any type</u> or classification of alcoholic beverages is prohibited <u>and the issue submitted pertains to legalization</u> of the sale of one or more such prohibited types or classifications, one of the following issues shall be submitted:

"(a)   'For the legal sale of beer' and 'Against the legal sale of beer.'

"(b)   'For the legal sale of beer for off-premise consumption only' and 'Against the legal sale of beer for off-premise consumption only.'

"(c)   'For the legal sale of beer and wine' and 'Against the legal sale of beer and wine.'

"(d)   'For the legal sale of beer and wine for off-premise consumption only' and 'Against the legal sale of beer and wine for off-premise consumption only.'

"(e)   <u>'For the legal sale of all alcoholic beverages'</u> and <u>'Against the legal sale of all alcoholic beverages.'</u>

"(f) . . ."

"The second portion of the statute is to be applied to those areas where the sale of <u>all</u> alcoholic beverages has previously been legalized and sets out issues (g) through (l). The third portion of the statute is that applicable to Precinct 7 of Tarrant County, quoted above, and setting out issues (m) through (p). The fourth portion of the statute is applicable only to areas where the sale of beer containing alcohol not exceeding four per centum by weight has been legalized and sets out issues (q) and (r). The first part of the statute, therefore is legalizing -- the other three parts are prohibiting. <u>The legalizing issues are general</u> -- the <u>prohibitory</u> issues are specific and must be worded <u>'to suit pre-existing situations in the area involved.'</u>

"The issue presented in the petition to the County Judge and Commissioners' Court of Tarrant County -- ' for the legal sale of all alcoholic beverages' and 'against the legal sale of all alcoholic beverages' -- is identical with issue (e) in Part One of the statute and is therefore available as a <u>legalizing</u> issue. The same phraseology is also contained in the second part of the statute as issue (k) and is, therefore, available as a prohibitory election issue but only in areas 'where the sale of all alcoholic beverages has been legalized.' That is not the situation in Precinct 7 of Tarrant County. Obviously if it had been the intent of the Legislature to permit the issue -- 'for the legal sale of all alcoholic beverages' and 'against the legal sale of all alcoholic beverages' -- to be used in an area where the sale of beverages containing alcohol not in excess of fourteen per centum by volume has been legalized, then obviously the Legislature would have included those issues in the third part of the statute. Since the statute is exclusive and mandatory as to the issues which may be submitted the omission of those phrases from the third and fourth portions of the statute make the issues unavailable for a prohibitory election in any area defined in either the third or the fourth part of the statute.

"The above construction of the statute is not only in conformity with previous opinions issued by the office of the Attorney General, it is the only logical construction which can be given to Art. 666-40." (Emphasis ours.)

This construction is consistent with a previous construction of this statute by Attorney General John Ben Shepperd in Opinion No. MS-149 (1954) and prior opinions by Attorneys General Gerald Mann (Nos. 0-2114 and 0-5244) and Grover Sellers (No. 0-6917) dealing with the statute prior to its amendment in 1953.

Your analysis also harmonizes with the following court decisions bearing upon the subject: Smith v. Counts, 282 S.W.2d 422 (Civ.App. 1955); Fox v. Burgess, 157 Tex. 292, 302 S.W.2d 405 (1957); Sumrow v. Sterrett, 304 S.W.2d 609 (Civ.App., 1959); and Myers v. Martinez, 320 S.W.2d 862 (Civ.App. 1959).

In answer to your first question, you are therefore advised that a prohibitory local option election in Precinct 7 of Tarrant County, in which area the sale of alcoholic beverages containing alcohol not in excess of fourteen per centum (14%) by volume for off-premise consumption only has been heretofore legalized, may be held only under Section (p) of Article 666-40, V.P.C.

In answer to your second question, you are further advised that an election on the issues "for the legal sale of all alcoholic beverages" and "against the legal sale of all alcoholic beverages" held upon the presentation of a petition validly calling for such a legalizing election in an area where the sale of beverages containing alcohol not in excess of fourteen per centum (14%) has been legalized could, upon an affirmative vote, produce the effect of greater legalization but a negative vote could not have a prohibitory effect and would, therefore, mean that the pre-election status of the area would be retained.

## SUMMARY

(1)  A prohibitory local option election in Precinct 7 of Tarrant County, in which area the sale of alcoholic beverages containing alcohol not in excess of fourteen per centum (14%) by volume for off-premises consumption only has been heretofore legalized, may be held only under Section (p) of Article 666-40, V.P.C.

(2)  An election on the issues "for the legal sale of all alcoholic beverages" and "against the legal sale of all alcoholic beverages" held upon the presentation of a petition validly calling for such a legalizing election in an area where the sale of beverages containing alcohol not in excess of fourteen per centum (14%) has been legalized could, upon an affirmative vote, produce the effect of greater legal-

ization but a negative vote could not have a prohibitory effect and would, therefore, mean that the pre-election status of the area would be retained.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Harris Toler*

Harris Toler
Assistant Attorney General

HT:ca

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Stienberger
L. P. Lollar
Elmer McVey
John Leonarz

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.