

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

January 12, 1966

Hon. G. F. Steger
County Attorney
Colorado County
Columbus, Texas

Opinion No. (C-582)

Re: The amount of compensation a County Tax Assessor-Collector is permitted to receive for the collection only of taxes for an independent school district, including delinquent taxes, which taxes are assessed by the special assessor of the independent school district and related questions.

Dear Mr. Steger:

You have requested the opinion of this office upon the following questions:

"1. What compensation is a county tax assessor-collector permitted to receive for the collection ONLY of taxes for an independent school district, including delinquent taxes, which taxes are assessed by the special assessor of such independent school district?

"2. In the event taxes for an independent school district are assessed by a special assessor for such school district to be thereafter collected by the county assessor-collector, is the county assessor-collector required to prepare the tax rolls and receipts required for such collection?"

You are advised that Article 2792, Vernon's Civil Statutes as amended by H. B. 243, Page 1579, Acts of 59th Legislature, 1965, governs the amount of fees to be charged by the county tax assessor-collector for the collection of taxes including delinquent taxes for independent school districts. Article 2792, as amended, which became effective on August 30, 1965, contains, in part, the following:

-2809-

". . . when the county assessor and collector is
required to assess and collect the taxes of
independent school districts, the Board of Trustees
of such school district may contract with the
Commissioners Court of said county for payment for
such services as they may see fit to allow, not to
exceed the actual cost incurred in assessing and
collecting said taxes; . . ."  (Emphasis added)

In Attorney General Opinion No. MS-159, this office held
that Article 2922 L governed the fees to be charged by the Tax
Assessor-Collector of a county for assessing and collecting
rural high school taxes, and this was regardless of whether
the duties involved current or delinquent taxes.  (Emphasis
added)  It is the opinion of this office that the reasoning
and interpretation of the above cited opinion, though related
to the tax assessor-collector of a rural high school district,
would apply to the tax assessor-collector of an independent
school district and that the fees for delinquent taxes are
included in Article 2792.  Thus, the amount of fees allowed
would be limited to the amount of the actual cost incurred in
collecting said taxes, including delinquent taxes.

In answer to your second question as to who prepares the
tax rolls, it is the opinion of this office that the county tax
assessor-collector is not required to prepare the tax rolls when
there is a special assessor.  The special assessor has this duty
by virtue of the pertinent language in Article 2792, Vernon's
Civil Statutes which is as follows:

". . . If said taxes are assessed by a special
assessor of the independent district and are
collected only by the city or county tax
collector, the city or county tax collector
in such cases shall accept the rolls prepared
by the special assessor and approved by the
Board of Trustees as provided in the preceding
Article."  (Emphasis added)

Among the many cases which enunciate the rule that when
the language is unambiguous and its meaning is clear and
obvious, rules of construction are improper, are Fox v. Burgess,
157 Tex. 292, 302 S.W.2d 405, (1957); Calvert v. Phillips
Chemical Co., 268 S.W.2d 478 (Tex.Civ.App. 1954, error ref.);
Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037, (1916).  In
addition to the clear language of the statute, the following

language regarding "assessments" is found in the case of Republic Ins. Co. v. Highland Park I. School Dist., 57 S.W.2d 627 (Tex.Civ. App., 1933 error ref.), wherein Justice Higgins cited at page 629:

> "An assessment involves, first, the preparation of a list of the property subject to the tax; and, second, the valuation of such property in the manner prescribed by law, and by the constituted authority. 26 R.C.L. Title Taxation, *311; 37 CYC. 987, and footnote 84."
> (Emphasis added)

In answer to your question as to whether the special assessor or the county tax assessor-collector shall prepare the tax receipt forms, you are advised, that inasmuch as the statutes are silent in reference thereto, that the preparation of the tax receipt forms is a matter that should be taken care of in the contract entered into pursuant to Article 2792. It follows that if the contract provides for the county tax assessor-collector to prepare such forms that the actual case of collecting the taxes would be increased.

In a subsequent letter you asked the following questions:

> "3.   Is a county tax assessor-collector, who collected ONLY taxes for an independent school district, permitted to retain as compensation five per cent (5%) of DELINQUENT taxes collected for such school district prior to August 30, 1965?

> "4.   Is a county tax assessor-collector, who collected ONLY taxes for an independent school district, permitted to retain as compensation five per cent (5%) of DELINQUENT taxes collected for such school district which were in process of being collected prior to August 30, 1965, but were actually remitted to the collector after August 30, 1965?"

It is the opinion of this office that Article 2792, Vernon's Civil Statutes governs the fees of a county tax assessor-collector for an independent school district. Prior to the enactment of H.B. 243, Acts of the 59th Legislature, 1965 which became effective on August 30, 1965 the amount of fees were limited to "one (1) per cent for assessing and one (1) per cent for collecting same."

In *Steusoff v. Liberty County*, 34 S.W.2d 643 (Tex. Civ. App. 1931, error ref.), the court held that a Commissioners' court was without jurisdiction to allow tax assessor different compensation from that fixed by statute (Rev. St. 1925, Art. 3937). Inasmuch as it is the position of this office that prior to August 30, 1965 the fee allowed was one (1) per cent for assessing and one (1) per cent for collecting, the answer to question no. 3 is NO. Therefore, the answer to question no. 4 is NO by virtue of the answer to question no. 1 and Attorney General's Opinion No. MS-159.

## SUMMARY

The compensation a county tax assessor-collector is permitted to receive for the collection ONLY of taxes for an independent school district, including delinquent taxes, which taxes are assessed by the special assessor of such independent school district is limited by the amount of the actual cost incurred in collecting said taxes.

In the event taxes for an independent school district are assessed by a special assessor for such school district to be thereafter collected by the county tax assessor-collector, it is not the duty of the county tax assessor-collector to prepare the tax rolls for such collection.

The contract entered into pursuant to Article 2792 should provide who is to prepare the tax receipt forms.

The county tax assessor-collector who collected ONLY taxes for an independent school district, is permitted to retain as compensation one (1) per cent of delinquent taxes collected for such school district prior to August 30, 1965.

The county tax assessor-collector who collected taxes after August 30, 1965 is entitled to retain the amount of fees

contracted for with the Board of Trustees
of such school district, not to exceed the
actual cost incurred in collecting the taxes.

Yours very truly,

WAGGONER CARR
Attorney General

By _Terry Reed Goodman_

Terry Reed Goodman
Assistant

TRG:cf

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
W. E. Allen
Gordon C. Cass
Kerns B. Taylor
Malcolm Quick

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright