

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 11, 1971

Mrs. Kathryn Mitchell
Executive Secretary
Texas State Board of Landscape
   Architects
Box 12292, Capitol Station
Austin, Texas 78711

Opinion No. M- 926

Re: Applicability of House Bill
76, Acts 62nd Leg., R.S.,
1971, Professional Services
Procurement Act to Landscape
Architects licensed under Article
249c, V.C.S.

Dear Mrs. Mitchell:

You have requested our answer to the question which we rephrase, as follows:

> 'Does the definition of 'professional services' in House
> Bill 76, Acts 62nd Leg., R.S., 1971* apply to landscape
> architects licensed by the Board of Landscape Architects
> pursuant to Article 249c, V.C.S.?"

The definition referred to is a portion of Section 2 of the new legislation (hereinafter referred to as the Act) which reads as follows:

> "Sec. 2. For purposes of this Act the term 'professional
> services' shall mean those within the scope of the practice
> of accounting, architecture, optometry, medicine or pro-
> fessional engineering as defined by the laws of the State of
> Texas or those performed by any licensed architect, optom-
> etrist, physician, surgeon, certified public accountant
> or professional engineer in connection with his professional
> employment or practice. " (Emphasis added. )

Further, Section 3 reads, in part, as follows:

> "Sec. 3. No state agency, political subdivision, county,
> municipality, district, authority or publicly-owned utility

---

* Codified by Vernon as Art. 664-4, V.C.S., shown at p. 72, Vernon's
Session Laws, 62nd Leg., R.S., 1971.

> of the State of Texas shall make any contract for, or engage the professional services of, <u>any licensed physician, optometrist, surgeon, architect, certified public accountant or registered engineer, or any group or association thereof,</u> selected on the basis of competitive bids submitted for such contract or for such services to be performed, ..."
> (Emphasis added.)

Your question resolves itself into a determination of whether the Act exempts landscape architects from the State's competitive bidding requirements along with the other named professions. Our answer is that landscape architects are not included in the Act.

Initially, it should be noted that architecture and landscape architecture are not synonymous. The architect profession is administered by the Board of Architectural Examiners in accordance with Article 249a, V. C. S. The Texas State Board of Landscape Architects is a separate administrative body regulating landscape architecture, established by Article 249c, V. C. S. Entry requirements of the professions as required by the statutes are quite different. The definition of landscape architecture in Article 249c, Section 1(b) provides in part as follows:

> "Such services [of a landscape architect] shall not include any services or function within the definition of the practice of Engineering, Public Surveying, or Architecture as defined by the laws of this State."

Therefore, the use of the word "architect" in the Act does not include landscape architects within its meaning.

Examination of the Act reveals a legislative intent to confine the Act's operation to named professions, i. e., accounting architecture, optometry, medicine and professional engineering. The Act is silent on the inclusion of other professions under a broad or generic listing. That portion of Section 3 listing the professions covered by the Act, followed by the statement "or any group or association thereof", is related to the grouping of members of the named professions.

It is fundamental that there is no room for judicial construction when the statute and its meaning are clear and unambiguous. Fox v. Burgess, 157 Tex. 292, 302 S. W. 2d 405 (1957). As stated in 53 Tex. Jur. 2d 175, Statutes, Sec. 123:

"In other words, a court is not authorized to indulge in conjecture as to the intention of the legislature, or to look to the consequences of a particular construction, unless the meaning of the statute is doubtful."

The above holding is appropriate here, since the Act is not subject to more than one interpretation. Had the Legislature intended to cover other professions in the Act, it could have so provided. Its failure to do so prevents the inclusion of landscape architects in the Act.

## SUMMARY

The Professional Services Procurement Act, House Bill 76, Acts 62nd Leg., R.S., 1971, is not applicable to landscape architects licensed by the Board of Landscape Architects pursuant to Article 249c, V.C.S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Thomas F. Sedberry
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
Bill Allen, Co-Chairman

Ed Esquivel
Ken Nordquist
Dick Chote
Dunklin Sullivan

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant