

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 19, 1975

The Honorable R. T. Weber, D. D. S.          Opinion No. H-669
Secretary-Treasurer
Texas State Board of Dental Examiners        Re: Authority of the Board of
Capital National Bank Building               Dental Examiners with regard
Austin, Texas 78701                          to dental hygienists and dental
                                             assistants.

Dear Dr. Weber:

You have requested our opinion as to the authority of the Texas State
Board of Dental Examiners to require dental assistants to register with the Board
and pay an annual fee, and by rule to permit the employment of more than one
dental hygienist per individual dentist and more than two dental hygienists per
dental office.

Annual registration and payment of a licensing fee is required by statute
of dentists, article 4550a, V. T. C. S., dental hygienists, article 4551e, and dental
lab technicians, article 4551f. No statute deals with the registration of dental
assistants or requires them to pay any fee. Dental assistants are referred to only
in article 4551d, which provides, in pertinent part:

> The Texas State Board of Dental Examiners
> is hereby authorized and empowered to a-
> dopt, promulgate, and enforce such rules
> and regulations as the Board may deem
> necessary and advisable to prescribe and
> maintain standards of professional conduct
> of those persons under the jurisdiction of
> the Texas State Board of Dental Examiners
> and to protect the public health and welfare.
> Such rules and regulations may define and
> regulate the acts and areas of practice and
> govern the relationship between and the acti-
> vities of licensed dentists, dental hygienists,
> and dental assistants, and their relationship
> to other branches of the healing arts and to
> or with the public, and make such other rules
> and regulations as the Board may deem advis-
> able to protect and to foster the public health
> and welfare . . . (emphasis added)

We do not believe that the mere reference to dental assistants in article
4551d is sufficient to confer upon the Board the authority to require of dental assis-
tant's annual registration and payment of fees. A statutory board may

p. 2921

> exercise only such authority as is conferred
> upon it by law in clear and unmistakable terms
> and the same will not be construed as being
> conferred by implication.  Board of Insurance
> Commissioners v. Guardian Life Insurance Co. ,
> 180 S. W. 2d 906,  908 (Tex. Sup.  1944).  See also
> Corzelius v.  Railroad Commission,  182 S. W. 2d
> 412,  415 (Tex. Civ. App.-Austin 1944,  no writ).

In State v.  Cortez,  333 S. W. 2d 839 (Tex. Sup.  1960), the Supreme Court held that the power of the State Board of Morticians to "prescribe rules and regulations pertaining to the operation of all funeral establishments" did not confer on the Board the power to require such funeral establishments to obtain a license to operate. Furthermore, as we indicated in Attorney General Opinion H-443 (1974), "it is well established in our law that, unless a fee is provided by law for an official service required to be performed and the amount fixed by law, none can lawfully be charged. " See Nueces County v. Currington, 162 S. W. 2d 687,  688 (Tex. Sup. 1942); McGalla v. City of Rockdale, 246 S. W. 654,  655 (Tex. Sup. 1922); Attorney General Opinion V-1426 (1952).  It is therefore our opinion that the Board may not require dental assistants to register with the Board and pay an annual fee.

We also answer your second question in the negative.  Section 3 of article 4551e,  V. T. C. S. , provides:

> . . . It shall be unlawful for more than one den-
> tal hygienist to practice dental hygiene for one
> dentist at any one time,  and it shall be unlawful
> for a dentist legally engaged in the practice of
> dentistry in this state to employ,  under any con-
> tractual relationship whatsoever,  more than one
> dental hygienist to practice dental hygiene at any
> one time.  No dental office,  regardless of the
> number of dentists practicing or offering to prac-
> tice dentistry in such office,  shall have employed
> under any contractual relationship whatsoever
> more than two (2) dental hygienists to practice den-
> tal hygiene therein.

Article 4551e expressly prohibits the employment of more than one dental hygienist by an individual dentist, and also prohibits the employment of more than two dental hygienists in any dental office.  Where the language of a statute is unambiguous and its meaning clear, the statute should be given effect according to its terms.  Board of Insurance Commissioners v.  Guardian Life Insurance Co. , supra, at 909.  In such a case, there is no need to apply any rules of construction. Fox v.  Burgess,  302 S. W. 2d 405,  409 (Tex. Sup. 1957).  As a result, we believe it is clear that the Board may not by  rule alter the express proscription of the statute to permit the employment of more than one dental hygienist by an individual dentist, or the employment of more than two dental hygienists per dental office.  .

## SUMMARY

The Texas State Board of Dental Examiners may not require dental assistants to register with the Board and pay an annual fee, nor may it permit by rule the employment of more than one dental hygienist per individual dentist and more than two dental hygienists per dental office.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: