**TEXAS HEALTH FACILITIES COMMISSION, Appellant,**

v.

**EL PASO MEDICAL SURGICAL ASSOCIATES, Appellee.**

**No. 1176.**

Court of Civil Appeals of Texas, Tyler.

Oct. 26, 1978.

Rehearing Denied Nov. 22, 1978.

Carla J. Cox, Asst. Atty. Gen., Austin, for appellant.

Fred E. Davis, Davis, Davis & Sharp, Austin, for appellee.

DUNAGAN, Chief Justice.

This appeal arose from an order of the Texas Health Facilities Commission, hereinafter "Commission," which denied the application of El Paso Medical Surgical Associates, hereinafter "E.P.M.S.A.," to transfer ownership of a Certificate of Need and relocate the proposed facility which was the subject of the Certificate.

The Commission, established by Article 4418h, Tex.Rev.Civ.Stat.Ann., and known as the Texas Health Planning and Development Act, is a state regulatory agency. It was created in response to the federal mandate of the National Health Planning and Resources Development Act of 1974, P.L. 93–641. The stated purpose of the Act is to insure that health care services and facilities are made available to all citizens in an

orderly and economical manner. Through appropriate health planning activities, the Act seeks to assure that health care services and facilities will be provided in a manner which is cost effective and compatible with the health care needs of the various areas and populations of the state. Article 4418h, section 1.02, supra.

In June 1976, the Commission granted a Certificate of Need to E.P.M.S.A., a professional association of physicians, which authorized the establishment and operation of a day surgery outpatient center. The proposed facility was to consist of four minor operating rooms to be located in the Eastwood Medical Clinic and Office Building, hereinafter "Clinic." However, E.P.M.S.A., in November 1976, applied for a transfer of ownership of the Certificate of Need for the day surgery center to Eastwood Hospital, Inc. The application for transfer of ownership included a request for approval of the relocation of the project from the Clinic to the adjacent Eastwood Hospital. It was submitted that an unused room at Eastwood Hospital be converted for day surgery outpatient use and be utilized in connection with existing facilities rather than the previously contemplated four-room surgical suite at the Clinic.

Subsequent to a review of all the evidence and the recommendations of the Hearing Officer, the Commission found that the relocation of the day surgical center from the Clinic to Eastwood Hospital would (1) require modification of Eastwood Hospital, (2) constitute a service not currently offered by Eastwood Hospital, (3) substantially alter the project authorized by the Certificate of Need granted to E.P.M. S.A., and (4) would be outside the scope of the project previously approved. As a result of the above findings of fact, the Commission concluded as a matter of law that it could not grant the transfer of ownership of the Certificate of Need and relocation of the proposed facility, but that Eastwood Hospital, Inc. would have to obtain a new Certificate of Need. The application for transfer and relocation submitted by E.P.M. S.A. was therefore denied.

Upon denial of the application by the Commission, E.P.M.S.A. perfected its appeal to the district court which reversed the Commission's order and remanded the cause to the Commission with instructions to grant and approve the transfer and relocation in question. In support of its judgment, the district court filed conclusions of law of which the following are pertinent to this appeal:

"(3) The Order of the Texas Health Facilities Commission is arbitrary and capricious and is characterized by an abuse of discretion because the Commission did not authorize the transfer of the Certificate of Need even though it is specifically authorized to do so by Rule 515, Rules and Regulations of the Texas Health Facilities Commission, and the reliable and probative evidence of record presents an affirmative showing of 'good cause.'

(4) The Order of the Texas Health Facilities Commission is arbitrary and capricious and is characterized by an abuse of discretion because the Commission failed to follow its established holdings in authorizing a transfer of ownership and a relocation of the project.

(5) The order of the Texas Health Facilities Commission is founded upon an improper construction of Article 4418(h), Tex.Rev.Civ.Stat., and the Rules and Regulations promulgated by the Commission thereunder."

From this adverse judgment, the Commission has perfected its appeal to this court.

The Commission predicates its appeal upon four points of error. We will first consider the complaints raised by appellant in points of error Nos. 1 and 3 which assert that the trial court erred in holding that (1) the action of the Commission was arbitrary, capricious, and characterized by an abuse of discretion because the Commission did not authorize the transfer of the Certificate of Need as authorized by Rule 515, Rules and Regulations of the Texas Health Facilities Commission, and (3) the Commission's order was founded upon an improper construction of Article 4418h, supra, and the Rules and Regulations promulgated by the Commission thereunder.

294

It is evident that transfers of Certificates of Need were contemplated by both the Health Planning and Development Act, supra, and the Rules and Regulations promulgated by the Commission. Section 3.13(b)(3) of Article 4418h, supra, is the only portion of the Health Planning and Development Act to deal with such transfers and provides that a Certificate of Need is subject to forfeiture where:

". . . a certificate holder, before completion and operation of the project, has attempted to or has transferred or conveyed more than a two percent interest in the certificate of need or the certificate holder without prior written approval from the commission. Transfers resulting from . . . good cause as determined by the commission . . . are exempt from this provision."

In addition to the above provision in Article 4418h, supra, the Commission has promulgated Rule 515(c), Rules and Regulations of the Texas Health Facilities Commission, which directly deals with transfers and states:

"(c) Transfer. Exemption Certificates, Declaratory Rulings, and Certificates of Need are not transferable prior to the completion of the project without the written consent of the Commission. Upon an affirmative finding of good cause the Commission may authorize the transfer of an Exemption Certificate, Declaratory Ruling or a Certificate of Need."

In the instant case, the Commission admits that had only an issue of transfer of ownership been involved there would have been no question that appellee carried its burden of showing "good cause." Appellee, in noting this admission, argues that it was an abuse of discretion for the Commission to deny this application once good cause for the transfer had been shown. However, the application submitted by appellee was not solely a request for transfer of ownership of a Certificate of Need but in addition sought approval for the relocation of the proposed facility. This additional request, concludes the Commission, places this application beyond the scope of the provisions of both section 3.13(b)(3), supra, and Rule 515(c), supra.

The Health Planning and Development Act, section 3.01(a), supra, specifies certain activities for which a Certificate of Need or an Exemption Certificate must be obtained from the Commission. These designated activities include proposed projects to:

"(1) substantially expand a service currently offered or provide a service not currently offered by the facility;

(2) construct a new facility or change the bed capacity of an existing facility;

(3) modify an existing facility;

(4) convert a structure into a health-care facility; or

(5) organize an HMO [Health Maintenance Organization] which requires a new or modified facility."

Findings of fact were made by the Commission and incorporated into the order which denied this application for transfer and relocation. The Commission found that the relocation of the project from the Clinic to Eastwood Hospital would require modification of existing facilities at Eastwood Hospital and would constitute the provision of a service not currently offered at Eastwood Hospital.

The question presented here, one which we believe to be of first impression, is whether the relocation of a proposed service or facility may be approved through the procedure for transfer of a Certificate of Need or whether a new Certificate of Need must be obtained, as asserted by the Commission. The Health Planning and Development Act fails to explicitly address the question of relocation and therefore an issue of statutory construction is raised.

In construing statutes, it is the duty of the court to ascertain and give effect to the legislative intent. *Popham v. Patterson*, 121 Tex. 615, 51 S.W.2d 680, 683 (1932). If the statute being construed is plain and unambiguous, there is no need to resort to rules of construction, and it would be inappropriate to do so. *Fox v. Burgess*, 157 Tex. 292, 302 S.W.2d 405, 409 (1957).

However, where the meaning of the statutory provision is unclear, in doubt, or ambiguous, the construction placed upon the provision by the agency charged with its administration is entitled to weight. *Ex Parte Roloff*, 510 S.W.2d 913, 915 (1974); *Calvert v. Kadane*, 427 S.W.2d 605, 608 (1968); *Slocomb v. Cameron Independent School District*, 116 Tex. 288, 288 S.W. 1064, 1066 (Tex.Comm.App.1926, holding approved). Although the courts are not bound by the agency construction, 53 Tex. Jur.2d Statutes, section 177, p. 263, it is well established that the court should give deference to the construction of the agency administering an Act. *Tarry Moving & Storage Company, Inc. v. Railroad Commission*, 359 S.W.2d 62, 67 (Tex.Civ.App.-Austin 1962, aff'd 367 S.W.2d 322). When the construction of an administrative regulation rather than a statute is in issue, deference is even more clearly in order. *Udall v. Tallman*, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

In the instant case, the Commission was granted a great deal of administrative discretion by the legislature. Rule-making powers were conferred upon the Commission to "define and determine the terms and conditions" under which a Certificate of Need would be required. Article 4418h, section 3.01(c), supra. The Commission could exempt a Certificate of Need from forfeiture when transferred as a result of "good cause as determined by the commission . . . ." Article 4418h, section 3.13(b)(3), supra. The Commission construed its own rule, Rule 515(c), supra, as not applicable to the request for a change of location found in the present case. In support of this conclusion, the Commission tenders two main contentions which we will now discuss.

First, the Commission asserts that the objectives of the Health Planning and Development Act require specific criteria to be met by applicants for Certificates of Need. Article 4418h, section 3.10, supra; Rule 801, Rules and Regulations of the Texas Health Facilities Commission. The data to be considered in attempting to determine whether the necessary criteria are met are termed by the Commission as "facility specific." In other words the criteria to be evaluated must be analyzed in the context of the particular parent facility in which the proposed service or facility will be located. The Commission concluded that the procedure by which the ownership of a Certificate of Need may be transferred, merely requiring an affirmative showing of good cause, is neither appropriate nor designed to allow the detailed type of examination required where a change of location of the contemplated service or facility is involved. The Commission contends that the proper vehicle for examination of all the "facility specific" criteria is an application for a new Certificate of Need.

A second rationale in support of the Commission's position is the difference in the notice requirements between transfers of Certificates of Need and applications for such Certificates. An applicant for a Certificate of Need must give notice by publication both (1) within the locality where the proposed service or facility would be developed and (2) in the largest city in the health service area to be serviced by the new service or facility. Article 4418h, Section 3.07, supra. A person has forty days to then give notice of his desire to become a party. On the other hand, a Rule 515(c), supra, proceeding requires only notice by publication in the Texas Register and allows but twelve days for a person to give notice of a desire to be a party. The Commission felt that to allow a change of location without the full notice requirements of an application for a Certificate of Need might allow an applicant to utilize the transfer procedure as an avenue to circumvent the full notice requirements and thereby minimize possible opposition.

 The issue raised here is one of procedure: what is the proper vehicle for obtaining approval of the desired relocation of a proposed facility. The Commission has not denied the requested relocation upon its merits but merely held that the transfer procedure followed by the applicants was not appropriate for the evaluation of the

criteria specified in the Health Planning and Development Act and the Rules and Regulations promulgated thereunder by the Commission. We hold that the Commission's construction of Article 4418h, supra, and the Rules and Regulations promulgated thereunder by the Commission was not improper. In addition, we hold that the Commission's failure to approve the requested relocation and authorize the transfer of ownership was neither arbitrary, capricious, nor characterized by an abuse of discretion. Appellant's points of error Nos. 1 and 3 are sustained.

The Commission's second point of error complains that the trial court erred in concluding that the Commission's order was arbitrary, capricious, and an abuse of its discretion because the Commission failed to follow its established holding authorizing a transfer and relocation. The Commission in January of 1976 had approved the transfer and relocation of a proposed 200-bed hospital facility without requiring a new Certificate of Need. Appellee argues that it was error for the Commission to fail to follow this controlling precedent. The Commission, however, contends that the two cases are clearly distinguishable and a short discussion of the facts will therefore be necessary.

El Paso Del Norte Joint Venture had obtained an Exemption Certificate under section 6.02(a) of Article 4418h, supra, to construct a 200-bed hospital facility. Later, an application was filed with the Commission seeking to transfer ownership of the Exemption Certificate and approval of a change of location from the original site to another a few blocks away. This application was approved by the Commission in January 1976, Declaratory Ruling and Administrative Order Number AH75–1216–001, without any requirement that a new Certificate of Need or Exemption Certificate be obtained.

▬ Section 6.02(a) of Article 4418h, supra, acts as the "grandfather clause" of the Health Planning and Development Act by allowing the completion of projects already in the planning stages when the Act went into effect without the need of meeting the criteria required by section 3.10, Article 4418h, supra. A project which comes within the terms of section 3.01(a), Article 4418h, supra, must receive either an Exemption Certificate or a Certificate of Need. It is not necessary for an Exemption Certificate holder to have his proposed facility evaluated in terms of the "facility specific" criteria specified by the Health Planning and Development Act or the Rules and Regulations promulgated by the Commission thereunder. Since no such scrutiny was required when the Exemption Certificate was originally obtained, no such scrutiny would be required when the certificate holder applied for a change in location within the municipality. This situation, contends the Commission, is clearly distinguishable from the situation in the instant case. Appellees were required to obtain a Certificate of Need and meet the criteria specified by the Health Planning and Development Act and the Rules and Regulations promulgated by the Commission thereunder when a Certificate was originally applied for. Now appellees seek to transfer ownership of the Certificate of Need and relocate the project. Therefore the "facility specific" criteria must be applied to the new parent facility. This is not a distinction without meaning as asserted by appellees. We therefore sustain the Commission's point of error No. 2.

In light of our disposition of the above points of error, we do not reach appellant's fourth point of error which complains that the district court erred by reversing the Commission's order and remanding the cause with instructions to approve appellees' application.

Accordingly, we reverse the judgment of the district court and affirm the order of the Commission.